(12 Misc. Rep. 153.)

GEORGE v. TREVELLYN.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

SUMMARY PROCEEDINGS—DIRECTING VERDICT.
     The justice of a district court of New York City has no power to direct a verdict in a summary proceeding by a landlord against his tenant.

Appeal from Seventh district court.

Summary proceeding by Augusta E. George against William Trevellyn to recover possession of real estate. From a final order in favor of plaintiff entered on a verdict rendered by direction of the court, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

August P. Wagener, for appellant.

GIEGERICH, J. This is an appeal by the tenant from a final order made in summary proceedings to recover the possession of certain real property situate in the city of New York, after a default in the payment of rent. On the return day of the precept the tenant appeared and filed a verified answer, whereby he, in substance, denied each allegation of the petition, except that he was in possession of the demised premises upon the same terms as alleged in the petition, and, for a further and separate defense, pleaded eviction. A jury trial having been demanded when issue was joined, the proceeding was adjourned. On the day fixed for the trial the parties appeared in the court below, the jury was impaneled and sworn, and the trial thereupon proceeded. At the close of the testimony, and at the request of counsel for the landlord, the justice directed a verdict, to which counsel for the tenant duly excepted. A final order was thereupon made, awarding to the landlord the delivery of the possession of the property, from which the tenant has appealed.

On the argument of the appeal the tenant only appeared by counsel, the landlord not appearing. The precise point presented by this appeal was determined by this court in Horn v. Prior (Com. Pl. N. Y.) 5 N. Y. Supp. 955, in which it was held, pursuant to the

ruling established by the case of Blumburg v. Briggs, 10 N. Y. St. Rep. 242, that where a jury trial is demanded and had in a summary proceeding brought in a district court in the city of New York to recover the possession of real property, the justice has no power to direct a verdict. It therefore follows that the final order appealed from must be reversed, and a new trial ordered, with costs to abide the event.