KIERNAN v. CASHIN et al.

(Supreme Court, Appellate Term.    February 23, 1905.)

1. LANDLORD AND TENANT—POSSESSION—SUMMARY PROCEEDINGS—PARTIES—
   RIGHT TO ANSWER.
       Under Code Civ. Proc. § 2244, providing that, when the precept is returnable in summary proceedings to recover land, any person in possession or claiming possession may file with the judge who issued the precept or with the clerk of the court a written answer, etc., a person claiming to be in possession of the property sued for as undertenant is entitled to intervene and answer.

2. SAME—VARIANCE.
       Where, in summary proceedings to recover land, a person claiming to be in possession intervened, the fact that he described himself in his answer as undertenant, when in fact he claimed under a new lease to himself, was immaterial.

3. SAME—DIRECTION OF VERDICT.
       Where a verdict in summary proceedings is set aside by the justice as against the evidence, the justice has no power to direct a verdict, but is limited to ordering a new trial.
       [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 1317, 1318.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick Kiernan against Patrick Cashin and another to recover possession of rented premises.    From a final order in favor of plaintiff, Thomas J. Darcey appeals.    Modified.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

James E. Smith, for appellant.
Seth Sprague Terry, for respondent.

PER CURIAM.    We consider that the appellant, claiming to be in possession of the premises, had the right to intervene and file an answer (section 2244, Code Civ. Proc.), and that his answer sufficiently raises the issue to which all the evidence was directed.    The fact that he describes himself in his answer as undertenant, whereas in fact he claims under a new lease to himself, is immaterial.

We are not disposed to interfere with the exercise of his discretion by the justice in setting aside the verdict.    We think, however, that he erred in granting judgment in favor of the landlord.    It has repeatedly been held that, where a jury trial has been had in summary proceedings, the justice has no power to direct a verdict.    George v. Trevellyn, 12 Misc. Rep. 153, 33 N. Y.Supp. 16.    Upon the same principle, a justice who sets aside the verdict of a jury as against the evidence should content himself with ordering a new trial.

The order appealed from must be modified by striking out the direction for a judgment in favor of the landlord, and inserting in place thereof a direction for a new trial, and, as so modified, will be affirmed, without costs.