---

KELSEY v. MacTIGUE et al.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. EJECTMENT ⊙⇒13—TITLE TO MAINTAIN ACTION—EQUITABLE TITLE—STATUTE.

Under Code Civ. Proc. § 1519, requiring the verdict in an action to recover real property to specify the estate of the plaintiff in the property recovered, whether it is a fee, or for life, or for a term of years, an equitable title will not support an action of ejectment, but there must be a legal title to maintain the action.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 56–58; Dec. Dig. ⊙⇒13.]

2. EJECTMENT ⊙⇒111(4)—JUDGMENT—SUPPORT BY VERDICT—STATUTE.

Under such provision, a verdict not specifying whether plaintiff had an estate in fee, or for life, or for a term of years, because the plaintiff neither alleged nor proved any of such estates, was insufficient to support a judgment for plaintiff, which would be reversed.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 327–345; Dec. Dig. ⊙⇒111(4).]

3. EXECUTORS AND ADMINISTRATORS ⊙⇒121(2)—POWER OF SALE—RIGHTS OF ADMINISTRATOR WITH THE WILL ANNEXED.

An administrator with the will annexed did not take the title of the executor after adjudication that there had been an equitable conversion of all the real estate of the testatrix, but took the executor's power of sale, and was under an imperative obligation to exercise such power.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 493, 493½; Dec. Dig. ⊙⇒121(2).]

4. WILLS ⊙⇒693(7)—CONSTRUCTION—ESTATES DEVISED.

Under a devise of shares of the residue of real and personal estates absolutely, the fee of their respective shares vested in the devisees, subject to the power of sale given the executor.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec. Dig. ⊙⇒693(7).]

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. WILLS ⬤⟶681(2)—TRUSTS—FEE.

The executors were trustees of an express trust as to those shares out of which the testatrix created life estates with remainders over, and vested with the fee of those shares as trustees, under the express provision of Real Property Law (Consol. Laws, c. 50) § 100.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. ⬤⟶681(2).]

6. WILLS ⬤⟶681(1)—TRUSTS—EXECUTOR AS TRUSTEE.

The mere fact that a devise was to executors, without designating them as trustees, made them none the less trustees, when from the terms of the will it appeared that they were to act as trustees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. ⬤⟶681(1).]

7. EXECUTORS AND ADMINISTRATORS ⬤⟶121(1)—TRUSTS ⬤⟶169(1)—FAILURE OF TRUSTEE—POWER OF SUPREME COURT.

Upon the appointment and qualification of an administrator with the will annexed as a successor to an executor and trustee, he did not take legal title to the fee, which vested in the Supreme Court, which would be empowered to appoint some person to execute the trust.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 493, 493½; Dec. Dig. ⬤⟶121(1); Trusts, Cent. Dig. §§ 222–224; Dec. Dig. ⬤⟶169(1).]

Appeal from Trial Term, New York County.

Action by Clarence H. Kelsey, as administrator, etc., against John MacTigue and another. From a judgment entered upon a directed verdict, and from an order denying a motion for a new trial, defendants appeal. Judgment and order reversed, and complaint dismissed.

Argued before CLARKE, P. J., and DOWLING, SMITH, PAGE, and DAVIS, JJ.

Edward Potter, of New York City, for appellants.

Abram I. Elkus, of New York City, for respondent.

DAVIS, J. The plaintiff, as administrator with the will annexed of the goods, etc., of Mary G. Pinckney, brought this action in ejectment to recover possession of premises in the city of New York included between 150th street on the north, Seventh avenue on the west, and the bulkhead line on the Harlem River on the east. Mary G. Pinckney died December 8, 1908, seised in fee of the premises in question, and leaving a will which was admitted to probate December 31, 1908. The testatrix appointed Thomas L. Watt, Archibald Watt, and Curtis B. Pierce to be executors and trustees under her will. Thomas L. Watt and Curtis B. Pierce qualified as executors; Archibald Watt having died before the testatrix. Thomas L. Watt died October 10, 1910, and from that time on Curtis B. Pierce continued to act as sole surviving executor until his death, October 21, 1912. After Pierce's death, Grace Watt Thomas and Charles E. Littlefield were appointed administrators with the will annexed. Grace Watt Thomas resigned and was discharged March 3, 1913. Littlefield began this action, but died May 12, 1915. Clarence H. Kelsey was then appointed administrator with the will annexed, and the action was continued in his name.

---

The premises in question were disposed of by the testatrix, under the eighth and ninth clauses of her will, as a part of the residue of her estate. In the first part of paragraph 8 of the will the testatrix leaves a quarter of the residue of her estate both real and personal to Thomas L. Watt absolutely, and in like manner a quarter to Archibald Watt. The remaining one-half of the residue, except one-eighth given absolutely to Grace Watt, is left to the executors upon trust to invest and reinvest and pay the income during a life, with remainders over. The testatrix gave her executors a full power of sale, and in an action to construe this will the Supreme Court held that there had been an equitable conversion of all the real estate of the testatrix.

The plaintiff claims to recover on an alleged equitable title as a basis for his action. He alleges "that the said Curtis B. Pierce as executor was vested with the title to all of the said property as *personal property*," because of its equitable conversion, and that the plaintiff, as administrator with the will annexed and as successor to the executor, Pierce, has been and is vested with the title to the property above described and is entitled to the immediate possession thereof.

[1, 2] An equitable title will not support an action of ejectment. There must be a legal title. Cagger v. Lansing, 64 N. Y. 417, 428; Bennett v. Gray, 92 Hun, 86, 36 N. Y. Supp. 372, and cases cited; Code Civ. Proc. § 1519. This section of the Code of Civil Procedure evidently was taken from the Revised Statutes, which declare the essentials of a complaint and verdict in ejectment. 3 R. S. (5th Ed.) c. 5, tit. 1, § 10, and section 23, subd. 7. The Code has not changed the provisions of the Revised Statutes, except so far as to omit stating expressly the form of the complaint; but the Code, in prescribing the form of the verdict, indicates what allegations and proofs are essential to maintain the action. It is clear that under the Code of Civil Procedure the plaintiff in ejectment must allege and prove that he has an estate in fee, or for life, or for a term of years. In the case under consideration the plaintiff neither alleged nor proved these facts, and naturally the verdict did not specify any one of these estates. Therefore the verdict was wrong and insufficient for the judgment entered upon it. For this reason the judgment should be reversed.

[3] In the case at bar the administrator with the will annexed did not take the title of the executor, Pierce. Of course, he took the power of sale conferred upon the executor (Mott v. Ackerman, 92 N. Y. 539, 553, 554), and was under an imperative obligation to exercise that power of sale, but under the circumstances of this case he did not take legal title to the premises. This will appear from an inspection of the terms of the eighth clause of the will.

[4-6] Under the devises to Thomas L. Watt and Archibald Watt, the fee of their respective shares of the estate vested in them as devisees, subject to the power of sale in the executors; while as to those shares out of which the testatrix created life estates with remainders over, the executors were trustees of an express trust, and therefore the fee of those shares vested in them as trustees. Morse v. Morse,

85 N. Y. 53, 58; Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Real Property Law, § 100. The mere fact that the devise was to executors, without designating them as trustees, makes them none the less trustees when, from the terms of the will, it appears that they were to act as trustees. Mee v. Gordon, 187 N. Y. 400, 407, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172.

The case of Salisbury v. Slade, supra, was quite like the case under consideration. There the testator gave, devised and bequeathed the residue of his estate, real and personal, to his sons and daughters— to his sons absolutely, but to his daughters for life, with remainders over; the executors to hold the daughters' shares and pay them the income. The court held that there was an equitable conversion of the land into personalty at the moment of testator's death and that:

"The naked fee of the land, as it could not remain in suspension, was vested in the trustee and testator's three sons for the purpose of carrying out in fact that conversion which the law already regarded as equitably accomplished. The real estate, as such, could not be dealt with as such for any other purpose."

[7] Upon the appointment and qualification of the administrator with the will annexed, the fee did not pass to him, but vested in the Supreme Court, which would then have power to appoint some person to execute the trust. Horsfield v. Black, 40 App. Div. 265, 57 N. Y. Supp. 1006; Dunning, Trustee, etc., v. Ocean Nat. Bank, 61 N. Y. 497, 501, 502, 19 Am. Rep. 293; Real Property Law, § 111.

The judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.