KINGS AND WESTCHESTER LAND COMPANY, Appellant, v. JOHN F. O'RYAN, JANET HOLMES O'RYAN, His Wife, and HERMAN SCHATIA, Respondents. FREDERIC B. STUDWELL, Appellant, v. JOHN F. O'RYAN, JANET HOLMES O'RYAN, His Wife, and HERMAN SCHATIA, Respondents. (Consolidated action.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Seeger, Carswell and Scudder, JJ.

LEVRAAD REALTY CORPORATION, Appellant, v. JAMES F. OGDEN, INC., OGDEN FIFTH AVENUE CORPORATION, CONDUIT HOTEL CORPORATION, JAMES F. OGDEN and BEATRICE OGDEN, Respondents, and Others, Defendants.— Order denying motion for a receiver to collect rents and for an injunction restraining the collection of rents reversed upon the law and facts, with ten dollars costs and disbursements, motion granted, with ten dollars costs, and proceeding remitted to Special Term, Part II, for the appointment of a receiver. Appellant advanced funds to respondents to purchase certain real property at foreclosure sale, to be secured by an assignment of rents from the property. Respondents Ogden represented to plaintiff that they controlled the corporation which owned the property, that they would bid in the property at the foreclosure sale, and that the record owner would execute an assignment of the rents. Respondent James F. Ogden, Inc., became the record owner and refused to permit plaintiff to collect any further rents. No receiver to collect rents was appointed in the foreclosure action. After the entry of the foreclosure judgment, the Elton Amusement Company, former owner of the property, conveyed it to respondent Ogden Fifth Avenue Corporation, which in turn conveyed to the respondent Conduit Hotel Corporation, both of which corporations assigned the rents to appellant. The mortgagee not having taken possession or obtained the appointment of a receiver, the rents belong to the lessor, " who may contract as he chooses with the assignee in regard to them." (*Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197, 222.) The rents belong to the mortgagor as an incident to his ownership of the land and he can, until divested of his ownership, dispose of them. The respondents would have to overturn the assignment of rents before they could sequester them as against the mortgagor's assignee. (*Harris* v. *Taylor*, 35 App. Div. 462.) The Municipal Court orders are not *res adjudicata*, because respondent James F. Ogden was not a party to the proceeding. Also an appeal was taken by plaintiff, which has been withheld at the request of the attorney for respondents in this appeal. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.