*55 OPINION OF THE COURT
Reynold N. Mason, J.
Facts
This is a summary nonpayment proceeding commenced in the Civil Court, Kings County, against respondent Patricia Menkin who is a tenant of a multiple dwelling located in Kings County. Tenant filed an answer and appeared in court July 25, 2001. Judge Bernadette Bayne, one of the respondents herein, is a Judge on the Civil Court, Kings County. Respondent Patricia Menkin, on the call of the calendar, applied for an adjournment for the purpose of seeking counsel. Respondent who is 70 years old advised the court that she had contacted Legal Aid to the Aging, and that they would represent her in the proceeding. However, she was required to wait until July 30th for an appointment to consult with counsel. She requested this adjournment because she was desirous of having counsel represent her. Judge Bayne granted the request of adjournment until August 22, 2001, over petitioner’s objection. Petitioner contends that this continuance, in excess of 10 days, is in violation of the law, and the Judge was without authority to grant same.
Legal Analysis
Real Property Actions and Proceedings Law § 745 (1) provides:
“Where triable issues of fact are raised, they shall be tried by the court unless, at the time the petition is noticed to be heard, a party demands a trial by jury, in which case trial shall be by jury. At the time when issue is joined the court, in its discretion at the request of either party and upon proof to its satisfaction by affidavit or orally that an adjournment is necessary to enable the applicant to procure necessary witnesses, or by consent of all the parties who appear, may adjourn the trial of the issue, but not more than ten days, except by consent of parties.” (Emphasis added.)
Petitioner does not allege that the grant of respondent’s application was arbitrary or capricious or that it is an abuse of discretion. Rather, her sole contention is that the law requires that the adjournment be no more than 10 days, unless she consents thereto. Petitioner requests this court to direct the Civil Court Judge to cease and desist from granting adjournments in excess of 10 days without the consent of all parties.
*56 This prayer for relief seeks more than a mere declaration of petitioner’s rights under the law. It asks the court to mandate a court of subordinate jurisdiction to take a specified action. The distinction between mandamus and a declaratory judgment is sometimes confused. The primary purpose of a declaratory judgment is to adjudicate the parties’ rights before a “wrong” actually occurs in the hope that the litigation will be unnecessary. Here the petitioner seeks to compel the Judge to perform an act which she alleges is mandated by RPAPL 745 (1). This therefore is in the nature of mandamus. The general principle is that mandamus would lie against an officer only to compel him/her to perform a legal duty, and not to direct her how she shall perform “that duty.” (People ex rel. Schau v McWilliams, 185 NY 92, 100.)
In considering the question confronting the court, another fundamental principle must be borne in mind. This principle is codified in the Judiciary Law of the State of New York. Simply stated it provides that the courts are to “devise and make new process * * * and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” (Judiciary Law § 2-b [3] [emphasis added].) A further consideration in resolving the issue is the separation of powers. “It is not competent for the Legislature to preclude absolutely” the court’s exercise of its inherent power in all cases. (Jones v Allen, 185 Mise 2d 443, 448 [App Term, 2d Dept 2000] [emphasis added].) Judiciary Law § 2-a provides that: “Each court of the state shall continue to exercise the jurisdiction and powers now vested in it by law, according to the course and practice of the court, except as otherwise prescribed by statute or rules adopted in conformance thereto.” (Emphasis added.)
The Civil Court of the City of New York is granted jurisdiction over summary proceedings pursuant to article 4, § VI of the New York Constitution and section 204 of the New York City Civil Court Act which confers jurisdiction over summary proceedings on the Civil Court of the City of New York. The court must heed this fundamental principle of law respecting separation of powers of the various departments of the three divisions of government. Each department should be free from interference in the discharge of its particular duties, by either of the other. (Lang v Pataki, 176 Misc 2d 676.)
The courts are not puppets of the Legislature, they are an independent branch of government, necessary and powerful in their sphere as either of the other great divisions (Lang v Pataki, citing Riglander v Star Co., 98 App Div 101, 105 [1st Dept 1904]). Courts are vested with the inherent powers “to do *57 all things reasonably necessary for the administration of justice within the scope of their jurisdiction.” (Lang v Pataki, at 689, citing Gabrelian v Gabrelian, 108 AD2d 445, 448 [2d Dept 1985].) Under this doctrine and pursuant to Judiciary Law § 2-a, the court is vested with all powers reasonably required to enable it to perform efficiently its judicial functions, to protect its dignity, independence, integrity and to make its lawful actions effective.
Those inherent powers “derive not from the legislative grant, or specific constitutional program, but from the fact it is a court * * * and to be a court requires certain incidental powers.” (Lang v Pataki, at 689, citing Wehringer v Branni-gan, 232 AD2d 206 [1st Dept 1996].) The question before the court is essentially this: Is the granting of an adjournment incidental to the court’s inherent power to perform efficiently its function within the scope of its jurisdiction to protect its dignity, independence and integrity, and to make its lawful actions effective? The court answers this question in the affirmative.
“A fundamental element of inherent judicial power is the authority to control the court’s calendar, exercised through its discretion to stay proceedings” (Lang v Pataki, at 690, citing Landis v North Am. Co., 229 US 248). Although the issue here is the power to grant an adjournment, there is no substantial difference between the exercise of the court’s power, be it to stay a proceeding or to adjourn it. It involves the power to control the disposition of matters on its docket with an economy of time and effort for itself, counsels and for the litigants. “The grant * * * of a continuance is an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard and, is exclusively a judicial act * * (Lang v Pataki, at 690, supra.) The grant or denial of a continuance within the sound discretion of the trial court, in the absence of an abuse of discretion, will be upheld on appellate review (Lang v Pataki, supra.)
The judge in a Trial Part hears the litigants, knows the surrounding facts and is in the best position to say when it can, for the convenience of the court and the parties, hear the case before it. The court makes that determination after hearing the parties, and grants or denies the continuance in the interest of justice, or in the exercise of its discretion to control its calendar. (Balogh v H.R.B. Caterers, 88 AD2d 136.) Here the respondent appeared before the court, and indicated that she had contacted the Legal Aid for the Aging who had given her an appointment of July 30th and presumably would appear on *58 her behalf. She also indicated that she was working in an attempt to pay off the rent owed. After hearing the arguments by the parties in this particular situation, the court determined to grant the adjournment beyond the 10 day period mandated by the statute.
RPAPL 745 notwithstanding, Judiciary Law § 2-b (3) vests in the court inherent power to control its calendar within its discretion. That discretion may not be circumscribed by the Legislature. This is so because the discretion to grant or deny a continuance involves the inherent power of the court, not. subject to legislative limitation. The extraordinary remedy requested by the petitioner of compelling a judge of a subordinate court to take a specific action would lie only if the act is ministerial and petitioner establishes that she is clearly entitled to it. The grant of an adjournment by the court is not a ministerial act. Quite the contrary, the granting of an adjournment involves the inherent power of the court to control its calendar and to grant or deny an adjournment for good cause shown in a particular case. The power to grant an adjournment therefore is indispensably conjoined with the power to exercise the judicial function.
Although the Constitution grants broad powers to the Legislature to make procedural rules for the courts, there are some matters which are not subject to legislative control because they deal with the inherent nature of the judicial function. (Jones v Allen, supra.) RPAPL 745 (1), therefore, can have no valid operation if it has the effect of depriving the court of its constitutional or inherent powers, to control its calendar or to grant an adjournment within its discretion for good cause shown within the course of a judicial proceeding. (Jones v Allen, supra.)
The court’s inherent powers do not derive from the Legislature, they are such powers as are necessary for the court to do all things which are reasonably necessary for the administration of justice within the scope of its jurisdiction. (See Branni-gan, and Gabrelian, supra.) This court holds that the grant of an adjournment under RPAPL 745 (1) implicates the inherent authority of the court not subject to legislative restriction. This power to grant a continuance or adjournment does not depend upon statute, but is inherent.
The determination made by the court here required particularized judicial inquiry and the exercise of judicial discretion, and thus constitutes essential steps in the court’s quest for a just and equitable resolution of the dispute pending before it. Section 745 (1) therefore cannot be construed to preclude *59 absolutely the court’s power to grant an adjournment beyond 10 days except with the consent of the parties. Were the court to adopt petitioner’s position, housing court would be precluded from granting any tenant an adjournment in excess of 10 days, regardless of the circumstances unless all parties consent. That could leave the court in an untenable position. It would tie the hands of the court, the equities notwithstanding, so long as one party withholds its consent. Section 745 (1) construed in conjunction with Judiciary Law §§ 2-a and 2-b (3) does not divest the court of its authority to control its calendar by way of granting an adjournment within its discretion. (See Headley v Noto, 22 NY2d 1, 4; Jones v Allen, supra; Lang v Pataki, supra.) In fact, it has been explicitly held that the Supreme Court always retains inherent power to control its calendar. (Taks v Stern, 14 AD2d 585.) The power to grant or deny an adjournment is a judicial act which cannot be disputed. (Hynes v George, 76 NY2d 500, 504 [1990].) These well established principles make it evident that the Judiciary Law may not be applied in a global manner which compels the court to act in a specific fashion thereby imposing an impossible burden upon itself and upon its already congested calendar, or results in the deprivation of an individual litigant’s right to due process. (Lang v Pataki, supra.)
This court rejects a literal reading of section 745 (1) and holds that that section does not preclude the grant of an adjournment within its inherent powers beyond the 10 days prescribed by statute without the consents of the parties. This is not to say that the Legislature may not impose some restrictions on the court’s inherent power. However, it is not competent for the Legislature to preclude absolutely the granting of stays and, here, the granting of an adjournment in all cases regardless of the circumstances.
Adjudged that the petition is denied and the proceeding is dismissed.