OPINION OF THE COURT
Memorandum.
On the court’s own motion, the notice of appeal is treated as an application for leave to appeal from an order made on the record on December 19, 2005 denying appellant Naida I. Velazquez’ oral motion to vacate the stipulation, final judgment and warrant, and to dismiss the petition as against her (see CPLR 5520 [c]), and leave to appeal is granted (see UJCA 1702 [c]; Seaman v Wyckoff Hgts. Med. Ctr., Inc., 25 AD3d 598 [2006]).
Order of December 19, 2005 reversed without costs and matter remanded for a determination de novo, following a hearing, of appellant’s motion to vacate the stipulation, final judgment and warrant, and to dismiss the petition as against her.
In this nonpayment proceeding, the record reveals that landlord, who purportedly purchased the subject house from the named tenant, Jose Luis Velazquez (tenant), entered into a “use and occupancy” agreement with tenant, pursuant to which tenant was given the right to occupy the premises for a period of 12 months in return for his paying specified expenses. Tenant was also given an option to repurchase the house. Landlord commenced this proceeding, alleging a default in tenant’s payments under the agreement. Naida I. Velazquez (appellant), tenant’s sister, who resides in the premises with her child, appeared pro se and sought permission from the court to intervene in the proceeding for the purpose of interposing a defense that landlord is not the owner of the house; that the house belongs to her mother; and that she and tenant were required, under her mother’s power of attorney, to act jointly with regard to any real estate transactions. The court refused to allow appellant to intervene because she was not a party to the “use and occupancy” agreement and refused to entertain her defense because, it stated, it could not consider issues of ownership. Subsequently, appellant, together with her brother and landlord, executed a stipulation in which it was agreed that landlord *47 would be granted a final judgment for possession, the sum of $17,299.78 and a warrant, and that execution of the warrant would be stayed for one month for payment. Thereafter, appellant obtained counsel, who appeared on the return date of a motion by tenant to vacate the stipulation, and orally moved, on the record, to vacate the stipulation, final judgment and warrant, and to dismiss the petition as against appellant on the grounds, inter alia, that landlord was not the owner of the property. The court, adhering to its previous rulings, denied counsel’s application, and this appeal ensued.
It was error for the court to deny appellant’s application to intervene. Pursuant to RPAPL 743, “any person in possession or claiming possession of the premises, may answer” (see Cobert Constr. Corp. v Bassett, 109 Misc 2d 119 [App Term, 1st Dept 1981]; Kiernan v Cashin, 92 NYS 255 [1905]). Since appellant is both in possession and claiming possession, she was entitled to appear in the proceeding.
It was also error for the court to refuse to entertain appellant’s defense that landlord is not the owner of the property. Although title cannot be determined as an affirmative claim in the context of a summary proceeding, particularly one brought in the Justice Court (we note that the issue of title to the subject premises is presently before the Supreme Court, Westchester County), appellant’s claim could properly be interposed as a defense to the proceeding (UJCA 905; RPAPL 743; see Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; Chopra v Prusik, 9 Misc 3d 42 [App Term, 2d & 11th Jud Dists 2005]). Accordingly, the order of the Justice Court is reversed and the matter remanded for a determination de novo of appellant’s motion following a hearing.
Rudolph, PJ., McCabe and Lippman, JJ., concur.