OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs and a new trial ordered.
In this holdover proceeding, petitioners assert that occupant James Sotille is in possession of the second-floor apartment in their home as a tenant at will and that they served him with a 30-day notice terminating his tenancy (see Real Property Law § 228). In his answer, occupant asserted as follows: He and his wife wanted to assist petitioners, who are their daughter and son-in-law, to purchase a house. They therefore agreed to provide petitioners with funds to be used toward the purchase. In return, petitioners agreed that occupant and his wife would be permitted to reside, for the rest of their lives, in an apartment that would be constructed in the house. Occupant’s wife passed away before the agreement came to fruition. In furtherance of the agreement and in reliance on petitioners’ promises, occupant gave petitioners approximately $70,000, provided labor and materials for the construction of the apartment, and furnished it with appliances, carpeting, and furniture at his own expense. Occupant moved into the apartment in September 2000 and remained in residence therein until December 1, 2004. He was neither required to, nor did he, pay any rent during this *62 period. In November 2004, in order to force occupant from the apartment, petitioners obtained an order of protection requiring him to stay away from the apartment for one year. The answer sought a declaration that occupant is the holder of a life estate in the apartment.
On the return date of the petition, the matter was adjourned, at occupant’s counsel’s request, for two weeks, and marked final. On the adjourned date, occupant’s attorney submitted the aforementioned answer and requested a further adjournment so that occupant, who was living in North Carolina, could travel to New York. Counsel claimed that she did not realize that the matter was marked final. The court, asserting that, under RPAPL 745 (1), it lacked the authority to grant a further adjournment (see Cotignola v Lieber, 34 AD2d 700 [1970]; but see Matter of Carlton Assoc. v Bayne, 191 Misc 2d 54 [2002]; 90 NY Jur 2d, Real Property — Possessory Actions § 233), denied counsel’s application.
At the trial that followed, petitioner Dino Paladino admitted that occupant had provided funds to assist him and his wife in purchasing the house, but he claimed that occupant had only provided $50,000, not $70,000, and that the $50,000 was a gift. Paladino claimed that the understanding between the parties was only that his in-laws could live in the house until they found another place to live. He also denied that occupant had provided any furniture or appliances other than a dishwasher.
After trial, the court awarded possession to petitioners. While stating that it was making no findings with respect to occupant’s allegations of an oral life tenancy “or the ancillary [Constructive [t]rust arguments that could be raised,” the court nevertheless ruled that any such interest would have to be created by a writing. Accordingly, the court rejected occupant’s affirmative defense but, inconsistently, left occupant’s claim to a life estate “to be resolved in another forum.” Finally, the court stated that “the requisite notice was given to terminate what the court determines to be a tenancy-at-will.”
We reverse and order a new trial.
Notwithstanding the provisions of RPAPL 743 and 745 (1), the court retained the inherent authority to grant a continuance of the trial so that occupant could travel to New York (see e.g. Eugene v Bryant, NYLJ, Feb. 16, 1988, at 23, col 4 [App Term, 2d & 11th Jud Dists]; Cohen v O’Neill, NYLJ, May 28, 1985, at 7, col 3 [App Term, 1st Dept]; see also Tuscan Realty Corp. v O’Neill, 189 Misc 2d 349 [App Term, 2d Dept 2001]). In *63 the circumstances presented, the court improvidently exercised its discretion in failing to grant occupant a continuance.
Contrary to the lower court’s ruling, the statute of frauds is not an absolute bar to a determination that occupant is entitled to a life estate. Although the statute of frauds generally prohibits the creation of “[a]n estate or interest in real property ... or any trust or power, over or concerning real property . . . unless . . . by a deed or conveyance in writing” (General Obligations Law § 5-703 [1]), there is an exception to the writing requirement “where there is part performance that is ‘unequivocally referable’ to an oral agreement” (Spirt v Spirt, 209 AD2d 688, 689 [1994]; see General Obligations Law § 5-703 [4] [“Nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance”]). While the mere payment of money is not enough to constitute part performance, “other acts, such as taking possession or making improvements, when combined with the payment of rent, may be sufficient” (Tuttle, Pendelton & Gelston v Dronart Realty Corp., 90 AD2d 830, 831 [1982]).
Moreover, the statute of frauds is no bar where the imposition of a constructive trust has been shown to be warranted (see Panetta v Kelly, 17 AD3d 163, 165 [2005]). A constructive trust may be imposed where four elements are established: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Salerno v Salerno, 241 AD2d 488 [1997]). As noted in Sharp, even without an express promise, courts have imposed a constructive trust where a promise may be implied or inferred from the transaction itself (Sharp v Kosmalski, 40 NY2d at 122).
Here, there is no dispute that occupant provided at least $50,000 ($70,000, according to occupant’s answer) toward the purchase of the house, that he took possession of the second-floor apartment immediately after his daughter and son-in-law consummated the purchase, and that he occupied the premises for several years without paying rent. Moreover, occupant alleged that he contributed labor and materials to construct the apartment, and that there was an express promise permitting him to reside in the premises for the rest of his fife. In these circumstances, occupant may be able to establish that the matter falls outside the statutory requirement of a writing, whether by virtue of part performance or a constructive trust.
Although the declaration sought by occupant that he is entitled to a life estate cannot be made in the instant summary *64 proceeding (see Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]), the court must entertain occupant’s claim to a life estate as a defense to petitioners’ assertion that they are entitled to possession because they terminated occupant’s alleged tenancy-at-will (RPAPL 743; Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005], supra; Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 9th & 10th Jud Dists 2007]; Chopra v Prusik, 9 Misc 3d 42 [App Term, 2d Dept 2005]; Montalto v Craft, App Term, 9th & 10th Jud Dists, Dec. 23, 2002, No. 2001-330 S C [where respondent claimed to have invested almost $350,000 toward purchase of land and construction of home, court should have permitted him, in licensee proceeding, to establish his defense of constructive title]). In view of the foregoing, a new trial is required.
Rudolph, EJ., Lippman and Molía, JJ., concur.