OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branches of occupant Jean Ferdinand’s motion seeking to vacate the warrant and to restore the matter to the calendar, and for leave to appear and answer, are granted, and the answer is to be served and filed within 14 days of the date of the order entered hereon, and the branch of the motion seeking an order, in effect, finding that an illusory tenancy existed and that occupant Jean Ferdinand was the legal tenant is denied as premature; as so modified, the order is affirmed, without costs.
Landlord commenced this residential holdover proceeding against Myrna Cox and Gregory Cox, the tenants of record of the subject rent-stabilized apartment, and against undertenants Jenna Saveur and “John/Jane Doe.” On August 18, 2008, Myrna Cox, Gregory Cox and Jenna Saveur entered into a so-ordered stipulation with landlord which provided that the tenants of record surrendered their interest and that Jenna Saveur would vacate the apartment by August 28, 2008, with an extension to October 31, 2008 upon payment of use and occupancy. The stipulation also provided that the proceeding, insofar as it was against John Doe, was discontinued. A final judgment was entered pursuant to the stipulation, and a warrant issued. Thereafter, Jean Ferdinand (occupant) sought an order vacating the final judgment and warrant and restoring the proceeding to the calendar, granting him leave to appear and answer, and, in effect, finding that an illusory tenancy existed and that he was the legal tenant. Occupant asserted, among other things, that he had resided in the apartment as his primary residence since 2003 and that both landlord and landlord’s predecessors had accepted rent from him with knowledge of his occupancy. In opposition to the motion, landlord failed to submit an affidavit on personal knowledge disputing these assertions. The Civil Court denied occupant’s motion.
Pursuant to RPAPL 743, “any person in possession or claiming possession of the premises” may answer in a summary *86 proceeding (see Cobert Constr. Corp. v Bassett, 109 Misc 2d 119 [App Term, 1st Dept 1981]). As occupant is allegedly in possession and, at the very least, is claiming possession, the branch of occupant’s motion seeking leave to intervene and answer should have been granted (see Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 9th & 10th Jud Dists 2007]). We note that occupant raised a triable issue of fact as to whether he is entitled to tenancy rights on the ground that there has been an affirmative recognition by landlord and/or its predecessors of his tenancy (see Johny v Tolbert, 8 Misc 3d 130[A], 2005 NY Slip Op 51043[U] [App Term, 2d & 11th Jud Dists 2005]).
Because occupant has the right to appear and answer and has not been afforded an opportunity to do so, the branch of his motion seeking to vacate the warrant should have been granted. However, since the final judgment was not entered against occupant or John Doe, the branch of occupant’s motion seeking to vacate the final judgment was properly denied. To the extent that occupant sought an order, in effect, finding that an illusory tenancy existed and that he was the legal tenant, occupant’s application is premature at this time. However, that claim may be raised in occupant’s answer.
Accordingly, the order is modified by providing that the branches of occupant’s motion seeking to vacate the warrant and to restore the matter to the calendar, and for leave to appear and answer, are granted, and the answer is to be served and filed within 14 days of the date of the order entered hereon, and the branch of the motion seeking an order, in effect, finding that an illusory tenancy existed and that he was the legal tenant is denied as premature, and the order is otherwise affirmed.
Golia, J.E (concurring in part and dissenting in part and voting to affirm the order in the following memorandum). There are a number of ways in which to analyze the facts and circumstances of the case before us. In all instances, I find no grounds to warrant the holding of the majority, specifically that Mr. Jean Ferdinand, the alleged “occupant,” is entitled to an opportunity to “appear and answer.”
At first blush the holding by the majority appears to simply enforce the proposition that anyone with a colorable interest in the premises should, at the least, be given an opportunity to appear and file an answer. Unfortunately, that precept does not correspond with the facts of this case. Here, Mr. Ferdinand and Ms. Jenna Saveur are husband and wife. Consequently, when Ms. Saveur appeared and answered, she was either doing so on *87 behalf of her husband as well as herself and their children or she was not. If she did not appear for her husband, then her husband intentionally elected not to appear or answer on his own behalf even though he was initially served in this proceeding. Under these circumstances, I do not find that he should be provided with an additional opportunity to appear at such a late date, especially when he intentionally defaulted while his wife litigated this matter. Mr. Ferdinand obtained all the benefits of a court-ordered stipulation; took advantage of the time provided in that stipulation; and now, for the first time, appears and asks for an opportunity to answer.
Further, I find no grounds in Mr. Ferdinand’s papers, or implied therein, which might support a finding of an illusory prime tenancy. Indeed, Mr. Ferdinand has stated under oath that “I moved in to the subject apartment in 2003 ... I lived together with Gregory Cox and Myrna Cox for three years until they moved out in 2006.” Implicit in this statement are two reasons why there cannot be a finding of an illusory prime tenancy. The first is that it is apparent that the Coxes were existing as “actual” and not “illusory” tenants at the time that Mr. Ferdinand moved into the premises in question and clearly intended to remain as “actual” tenants for some time thereafter. Although we do not know how long the Coxes resided in the premises before Mr. Ferdinand moved in, we do know that they continued to live in the apartment for three more years afterwards. The second is that Mr. Ferdinand swears to the fact that he “paid rent [directly] to the landlord.” He does not allege that he gave anything of value to the prime tenants or that he paid a higher improper “rent” to either the prime tenants or the landlord. There is no allegation that he did not get the benefit of the rent-stabilized rents. Indeed, if I accept Mr. Ferdinand’s factual assertions as the truth, then it was landlord who did not receive the benefit of the Rent Stabilization Law, by not receiving a “vacancy” increase in the rent, to which he would have been otherwise entitled.
The Appellate Division, First Department, in Primrose Mgt. Co. v Donahoe, stated:
“An illusory tenancy exists where the rent laws have been violated in a way that has permitted the prime tenant to rent [the apartment] for the purpose of subleasing for profit or otherwise depriving the subtenant of rights under the Rent Stabilization Law . . . This is the hallmark of an illusory ten *88 ancy.” (253 AD2d 404, 405 [1998] [internal quotation marks and citations omitted]; see also Hutchins v Conciliation & Appeals Bd., 125 Misc 2d 809 [1984] [providing detailed history and explanation of “illusory tenancy”].)
In addition, this court could rightfully consider that Ms. Saveur, as the wife of Mr. Ferdinand, signed the subject stipulation terminating any rights to tenancy on behalf of herself as well as her husband and children. In fact, the original petition states that “Myrna and Gregory Cox [are] not residing at the apartment and Jenna Saveur and/or John/Jane Doe is.” This “John/Jane Doe” could be another couple, it could even be the children of Mr. Ferdinand and Ms. Saveur.
I submit that a proper reading of the petition in this case is that landlord brought a proceeding regarding an improper sublet against the prime tenants based upon information that the apartment was improperly sublet to either Jenna Saveur or John/Jane Doe, or both. In fact, landlord only discontinued the proceeding as against John/Jane Doe on consent of all parties; and only when they resolved the entire matter by way of a stipulation entered into in open court; and only after Ms. Saveur stated there were no adults, other than herself, who resided in the apartment.
I can think of no other reason why landlord would discontinue the proceeding as against John/Jane Doe inasmuch as John/ Jane Doe were served but failed to appear. Clearly, landlord would have been entitled to enter a final judgment as against them without opposition. I submit that the only reason to discontinue would be an assurance by both Ms. Saveur and/or the Coxes that all appropriate and necessary parties were participating in this court-ordered stipulation of settlement.
It strains credulity to now assert that Mr. Ferdinand was the “John Doe” openly and notoriously living with Ms. Saveur as her husband for more than three years. Furthermore, it would be absurd to argue that she was both without the authority to settle on her husband’s behalf as well as that she did not know that he also was an occupant of the apartment since he was her husband.
Even if I were to accept the premise that Mr. Ferdinand was the named “John Doe” who was served herein, and his wife never claimed that she was appearing in the case on his behalf, then it is undeniable that he defaulted. Mr. Ferdinand would therefore need to establish an excusable default and meritorious *89 defense in order to vacate his default upon motion, which was not done. Inasmuch as Mr. Ferdinand has admitted notice, and since his wife appeared, I can find no reasonable excuse for his default.
Indeed, Mr. Ferdinand failed to submit any cancelled checks or payment receipts to support his bald assertion that he was the de facto tenant. He therefore did not present a meritorious defense.
Finally, even if the majority or I were to ignore all of the above and find that Mr. Ferdinand was somehow entitled to be offered a lease, then we are left with the fact that he was, in fact, offered a lease. Mr. Ferdinand, by his own admission, discussed a lease with landlord and thereafter was offered a lease but refused to sign it. His reason for not signing the lease is that landlord offered him a rent reduction for the first year. Mr. Ferdinand, nevertheless, took full benefit and advantage of the court-ordered stipulation dated August 18, 2009 entered into by his wife and continues to presently reside in the apartment.
Consequently, no matter how one considers the facts and circumstances of this case, the only proper finding is to affirm the order of the Civil Court, which considered the case and judged the credibility and reliability of the parties in its denial of Mr. Ferdinand’s motion, and I so find.
Pesce and Steinhardt, JJ., concur. Golia, J.P, concurs in part and dissents in part in a separate memorandum.