OPINION OF THE COURT
Reginald J. Johnson, J.
This is a nonpayment proceeding commenced by Virginia De-siano (petitioner) against Jane Fitzgerald (respondent) seeking *937 $17,600 in rental arrears including late fees, attorney’s fees, and possession of 121 Viewpoint Terrace, Peekskill, New York 10566 (the subject premises). After the parties were unable to settle this case, the court permitted the parties to submit motions.
Procedural History
On December 28, 2015, the petitioner commenced this nonpayment proceeding against the respondent seeking $17,600 in rental arrears, including late fees, attorney’s fees, and possession of the subject premises (respondent’s exhibit E).
On February 2, 2016, the parties made a first appearance in court, at which time the respondent filed her answer. The case was adjourned to February 23, 2016.
On February 23, 2016, the parties appeared in court. The case was adjourned to April 12, 2016.
On April 12, 2016, the parties appeared in court and requested and were granted permission to file motions. Thereupon, the court set the following motion schedule: May 3, 2016 for respondent’s motion; May 10, 2016 for opposition; May 17, 2016 for reply, if any; and a decision on June 7, 2016. The petitioner also represented that she filed a chapter 13 (11 USC) bankruptcy petition.
On April 14, 2016, the court notified the parties to appear on April 26, 2016.
On April 26, 2016, the parties appeared and the court stayed the motions and directed the petitioner to notify the chapter 13 trustee of the commencement of this case and inquire if he takes any position or interest in this matter. The case was adjourned to May 24, 2016.
On May 24, 2016, the parties appeared and the case was adjourned to June 7, 2016.
On June 7, 2016, the petitioner tendered to the respondent a cashier’s check in the sum of $4,122 plus interest. Thereupon, the respondent withdrew her counterclaim for the return of her escrow deposit. The court was presented with a letter from the chapter 13 trustee who stated that he will not take any position or state any interest in the proceeding. Based upon this letter, the court determined that the case should proceed and set the following motion schedule: June 28, 2016, motion *938 by respondent; July 12, 2016, opposition by petitioner; and July 26, 2016, reply, if any, by respondent.
On June 28, 2016, the respondent filed a motion for summary judgment with an accompanying memorandum of law.
On July 25, 2016, the petitioner filed a cross motion for summary judgment.[1]
On July 27, 2016, the respondent filed a reply affidavit.
On August 9, 2016, the parties appeared and the court marked the motions fully submitted.
Contentions of the Parties
The petitioner alleges that the respondent committed a breach of contract when she failed to make her contractual payments when they became due (Lang affirmation ¶ 6). Petitioner also alleges that she does have standing to bring the instant nonpayment proceeding notwithstanding the fact that the subject premises[2] are in foreclosure, because she has not yet surrendered the premises (Lang affirmation ¶¶ 8-10).
The respondent contends that the petitioner lacks standing to commence the present proceedings because she agreed to surrender the subject premises as a part of her chapter 13 proceeding (Klein mem of law at 2-3; Fitzgerald aff ¶¶ 12-13). Further, the respondent argues that her tenancy is protected under Real Property Law § 339-kk (Klein mem of law at 3; Fitzgerald aff ¶¶ 7-8). Lastly, the respondent argues that she is entitled to attorney’s fees if she prevails and that the petitioner should be sanctioned because she commenced the instant frivolous proceedings regarding the subject premises after she agreed to surrender said premises as part of her chapter 13 plan that was confirmed prior to the commencement of these proceedings (Klein mem of law at 5-6).
*939 Legal Analysis and Discussion
I. Petitioner’s Lack of Standing
The respondent argues that petitioner lacks standing to commence the instant proceedings because she agreed to surrender the subject premises as part of a chapter 13 reorganization plan that was confirmed by the Bankruptcy Court on December 14, 2015 (Klein mem of law at 2-3). In support of this argument, the respondent cites Kelsey v McTigue (171 App Div 877 [1916]) for the curious proposition that petitioner has failed to prove that “she has an estate in fee or for life, or for term of years in the property the recovery of which is sought” (Klein mem of law at 2).[3]
The late Professor David D. Siegel said,
“It is the law’s policy to allow only an aggrieved person to bring a lawsuit. One not affected by anything a would-be defendant has done or threatens to do ordinarily has no business suing, and a suit of that kind can be dismissed at the threshold for want of jurisdiction without reaching the merits. When one without the requisite grievance does bring suit, and it’s dismissed, the plaintiff is described as lacking ‘standing to sue’ and the dismissal as one for lack of subject matter jurisdiction.” (Siegel, NY Prac § 136 [5th ed].)
In fact, the issue of “[s]tanding goes to the jurisdictional basis of a court’s authority to adjudicate a dispute.” (Matter of Eaton Assoc. v Egan, 142 AD2d 330, 334-335 [3d Dept 1988], citing Allen v Wright, 468 US 737, 750-751 [1984].) It is axiomatic that a summary proceeding commenced by a party without the requisite standing must be dismissed. (See Metropolitan Realty Group v McSwain, 27 Misc 3d 1216[A], 2010 NY Slip Op 50769[U] [Civ Ct, NY County 2010]; see generally RPAPL 721 [which enumerates the classes of persons who may maintain a summary proceeding].)
Although the respondent does not expressly argue that the court lacks subject matter jurisdiction, her contention that the petitioner lacks standing to commence the instant proceedings because she was divested of title to the subject premises via *940 her chapter 13 plan prior to the commencement of these proceedings does call into question this court’s subject matter jurisdiction over this matter. (See Terner v Brighton Foods, Inc., 27 Misc 3d 1225[A], 2010 NY Slip Op 50895[U] [Civ Ct, Kangs County 2010] [court held if landlord transferred title after the tenant was granted possession he lacks standing to commence a summary proceeding against the tenant].)
As an initial matter, city courts are not statutorily empowered to decide matters involving title to land. (See generally UCCA 204.)[4] However, when the rare question of title is interposed as a defense (see respondent’s answer annexed as exhibit F to motion ¶ 5), the courts have not been universal in their view as to whether lower courts are divested of jurisdiction. (See Matter of Mahshie v Dooley, 48 Misc 2d 1098 [Sup Ct, Onondaga County 1965] [court held that a party may not interpose title as a defense in a summary proceeding]; Mohar Realty Co. v Smith, 46 Misc 2d 849 [App Term, 2d Dept 1965] [court held that the interposition of title as a defense in a summary proceeding is permissible and does not divest the lower court of jurisdiction]; Muzio v Rogers, 20 Misc 3d 143 [A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [same]; Paladino v Sotille, 15 Misc 3d 60 [App Term, 2d Dept, 9th & 10th Jud Dists 2007] [same]; 3 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 43:20 [4th ed] [lower courts are not divested of jurisdiction because a tenant asserts title as a defense in a summary proceeding]; Ferher v Salon Moderne, 174 Misc 2d 945, 946 [App Term, 1st Dept 1997] [“(q)uestions of title or ownership are not litigated in summary proceedings”]; Mason v Foxcroft Vil., 67 AD2d 1012, 1013 [3d Dept 1979]; hut see Terner v Brighton Foods, Inc., 27 Misc 3d 1225[A], 2010 NY Slip Op 50895[U], *3 [2010] [court held Ferher v Salon should not be read to preclude a tenant from raising the landlord’s lack of title and consequent lack of standing to commence the summary proceeding by showing landlord’s title interest was transferred after the tenant took possession]; see also Besmanoff v Allen, 143 Misc 2d 309 [App Term, 2d Dept, 9th & 10th Jud Dists 1989] [same].)
It has been held, however, that the general rule is that a tenant is estopped from denying that the landlord from whom the *941 tenant received possession is the owner of the property. (See Parkway Assoc. v Berkoff, NYLJ, Mar. 7, 1995 at 29, col 2 [App Term, 2d Dept]; see also 1 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 5:8 [4th ed] [“It is well settled that a tenant who has once acknowledged his landlord’s title, and taken and held possession under him, and who has not surrendered his lease, nor been evicted from the premises, and who can prove no fraud against the landlord nor any transfer of the latter’s title after the lease began, is precluded from denying that the landlord, under whom he has so held and claimed, is the owner of the property”].)
As almost every general rule has an exception, so does the general rule estopping a tenant from challenging his landlord’s title in a summary proceeding. (See Terner v Brighton Foods, Inc., 27 Misc 3d 1225[A], 2010 NY Slip Op 50895[U] [Civ Ct, Kings County 2010] [court held tenant can raise issue that landlord transferred title after the tenant was granted possession and that landlord lacks standing to commence summary proceeding against the tenant]; Besmanoff v Allen, 143 Misc 2d 309 [App Term, 2d Dept, 9th & 10th Jud Dists 1989] [same]; Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008] [same]; Durand v Simmons, 16 Misc 3d 133[A], 2007 NY Slip Op 51497[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007] [same]; Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2007] [same].)
It is now well settled that a tenant may raise title as a defense against her landlord in a summary proceeding, but that the issue of title may not be affirmatively established in a summary proceeding. (See Muzio v Rogers, 20 Misc 3d 143[A], 2008 NY Slip Op 51763[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; Decaudin v Velazquez, 15 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2007].) In other words, a tenant will be permitted to proffer evidence in a summary proceeding that her landlord does not have title to the subject premises and therefore no standing to commence and/or maintain a summary proceeding against her, but she will not be permitted to proffer evidence showing affirmatively who does possess title to the subject premises. (Muzio v Rogers; Decaudin v Velazquez.)
The dispositive question for the court is whether, as argued by the respondent, the petitioner was divested of title when she voluntarily agreed to surrender the subject premises to the *942 mortgagee Wells Fargo as part of her chapter 13 plan (Fitzgerald aff ¶¶ 12-13; Klein mem of law at 2-3). The answer to this question will presumably determine the issues of the petitioner’s standing and the court’s subject matter jurisdiction.
Respondent’s contention that petitioner was somehow divested of title to the subject premises because she voluntarily agreed to surrender said premises to Wells Fargo as part of her chapter 13 plan is without merit. Where, as in the case at bar, the petitioner agreed to voluntarily surrender the subject premises to the secured creditor, Wells Fargo, as part of her chapter 13 plan, title remains in the petitioner until the subject premises are actually sold pursuant to a foreclosure sale. (See In re Sherwood, 2016 WL 355520, 2016 Bankr LEXIS 263 [SD NY, Jan. 28, 2016, Garrity, J., No. 15-10637 (JLG)]; In re Sneijder, 407 BR 46, 52-53 [Bankr SD NY 2009] [“until the property is actually sold pursuant to a foreclosure sale, title to the property remains vested in the Debtor”].)
Since the petitioner was not divested of title to the subject premises simply because she voluntarily agreed to surrender the subject premises as part of her confirmed chapter 13 plan, she has the requisite standing to commence the instant nonpayment proceedings against the respondent. Therefore, this court has proper subject matter jurisdiction over the proceedings as the petitioner and the respondent are in a landlord and tenant relationship. (See RPAPL 711.)
The respondent also argues that the subject premises were subject to a foreclosure proceeding in which a judgment of foreclosure and sale was granted on February 18, 2015 but that the sale of the premises was stayed by the automatic stay generated by the chapter 13 filing (Klein mem of law at 1-2). Petitioner counters that she has not surrendered the subject premises yet and said premises have not been sold at foreclosure and that she is still the titled owner (Lang affirmation ¶¶ 8-10; Fitzgerald aff ¶¶ 10-13). This court agrees with the petitioner. (See In re Sherwood; In re Sneijder.)
Since New York State is a lien theory jurisdiction, unless and until the subject premises are sold at foreclosure, the petitioner remains the titled owner of the subject premises and entitled to all the rents accruing therefrom. (See 1 Nelson et al., Real Estate Finance Law § 4:22 [6th ed] [“Under the lien theory of mortgages, the mortgagor remains the full legal and beneficial owner of the mortgaged property until the mortgagor’s rights are extinguished by foreclosure sale”]; Levraad *943 Realty Corp. v Ogden, Inc., 226 App Div 675, 675 [2d Dept 1929] [“The rents belong to the mortgagor as an incident to his ownership of the land and he can, until divested of his ownership, dispose of them”]; 77 NY Jur 2d, Mortgages § 177 [“As against the mortgagee, and as long as the mortgagor remains in possession, the mortgagor-owner is entitled to the rents from the mortgaged premises until a judgment of foreclosure and sale”].)
In the case at bar, the respondent is liable under the lease until she is evicted. (See Metropolitan Life Ins. Co. v Childs Co., 230 NY 285, 290 [1921]; Mason v Lenderoth, 88 App Div 38 [2d Dept 1903] [Court held that landlord can recover rent for the full period preceding a foreclosure sale of the premises]; In re Banner, 149 F 936 [SD NY, Jan. 18, 1907] [court held that tenant must continue to pay rent to landlord even if premises are in foreclosure, so long as tenant continues to occupy the premises]).
II. Respondent/Tenant’s Occupancy is Protected/Guaranteed by Real Property Law § 339-kk
The respondent claims that she received a letter together with a copy of Real Property Law § 339-kk from the Board of Managers of Riverview Condominium II informing her that the petitioner was in default in the payment of her common charges, assessments and late charges to the condominium and demanding that all future rent payments are to be made directly to them. (Fitzgerald aff ¶ 7; Klein mem of law at 3; Board of Managers’ letter annexed as exhibit C to respondent’s motion.) In response to the letter, the respondent claims that she submitted her rent payments directly to the Board of Managers from October 2015 through June 20 16[5] (Fitzgerald aff ¶ 8).
Real Property Law § 339-kk states, in pertinent part, that where a non-occupying unit owner rents her unit and fails to pay common charges, assessments and late fees, upon the expiration of any grace period for the payment of said charges, assessments and fees, the board of managers shall send a notice to the owner and tenant that all future rent payments are to be made directly to the condominium association until all charges, assessments and fees are brought current. This *944 law also provides that a tenant who makes such payments in compliance with this section shall be immune to a suit for nonpayment of rent.
The dispositive question on this issue is whether, as the respondent argues, her payment of rent directly to the Board of Managers for the months of October 2015 through June 2016 warrants a dismissal pursuant to Real Property Law § 339-kk (e) (Klein mem of law at 3-4), or whether the respondent is immune from a nonpayment proceeding only for those monthly payments she remitted to the Board of Managers in order to bring the account current, as petitioner argues (Desiano aff ¶ 14). This court is not aware of any reported cases on this point; nevertheless, the court finds that the respondent is only immune from a nonpayment proceeding pursuant to Real Property Law § 339-kk (e) for those months she remitted her rent payments directly to the Board of Managers until the account was brought current.
Real Property Law § 339-kk (e) states,
“Payment by a rental tenant to the condominium association made in connection with this section shall relieve that rental tenant from the obligation to pay such rent to the non-occupying owner and shall be an absolute defense in any non-payment proceeding commenced by such non-occupying owner against such tenant for such rent.” (Emphasis added.)
It has been held that the purpose of Real Property Law § 339-kk is to protect the financial security of the condominium association by ensuring that it can compel the tenant of a non-occupying owner who fails to pay common charges to remit the rent payments directly to the condominium association. (See 133 Essex St. Condominium v Evanford, LLC, 2009 NY Slip Op 31973 [U] [Sup Ct, NY County 2009]; see also Bill Jacket, L 1998, ch 422.) If the aim of Real Property Law § 339-kk is to protect the financial security of the condominium, then it is somewhat difficult to comprehend how that purpose would be effectuated if the tenant is immune from a nonpayment proceeding not only for the rent payments made to the condominium in order to bring the common charges current, but also for all other monthly rents due and owing at the time of the commencement of the nonpayment proceeding.
Accordingly, the court finds that a tenant is immune from a nonpayment proceeding only for those rent payments remit *945 ted to the condominium association pursuant to Real Property Law § 339-kk in order to bring the common charges current, and not for any other rent payments due and owing at the time of the commencement of the nonpayment proceeding. (See Schneider & Blumenthal, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49, Real Property Law § 339-kk [2015 ed]; 4-36 Bergman on New York Mortgage Foreclosures § 36.11 [2015]; 19ANY Jur 2d, Condominiums and Cooperative Apartments § 129 [“Payment by a rental tenant to the condominium association made in this manner relieves that rental tenant from the obligation to pay the rent to the nonoccupying owner and operates as an absolute defense in any nonpayment proceeding commenced by the nonoccupying owner against the tenant for that rent” (emphasis added)].)
In the case at bar, the respondent remitted rent payments to the Board of Managers pursuant to Real Property Law § 339-kk for the months of October 2015 through June 2016 for a total sum of $19,800 (Fitzgerald aff ¶¶ 7-8; Desiano aff f 14). Therefore, the respondent is immune from any nonpayment proceeding for those rent payments remitted to the Board of Managers for the months of October 2015 through June 2016. However, as correctly argued by the petitioner, “Respondent’s payments to the Board of Managers do not mitigate the Respondent’s rent obligations between May and September 2015” (Desiano aff ¶ 14). Further, the court agrees with the petitioner that if the respondent is not required to pay for the months of May through September 2015, it would result in her unjust enrichment (Desiano aff ¶ 16). Accordingly, petitioner’s cross motion for $11,000 is granted and she is entitled to a money judgment in the sum of $11,000 which represents outstanding rent payments for the months of May 2015 through September 2015, together with a judgment of possession and a warrant of eviction, plus costs and disbursements.
III. Respondent’s Request for Legal Fees
Respondent has requested attorney’s fees pursuant to clause 19 of the lease (Klein mem of law at 5; see copy of lease annexed as exhibit A to respondent’s motion). A tenant may request reciprocal attorney’s fees if the landlord’s lease provides for attorney’s fees for the landlord. (See Real Property Law § 234.) However, a tenant is only entitled to attorney’s fees if the tenant has prevailed in, or made a successful defense of, any action or proceeding commenced by the landlord against the tenant arising out of the lease. (See Matter of Casamento v *946 Juaregui, 88 AD3d 345 [2d Dept 2011].) In the case at bar, the respondent has not prevailed and therefore is not entitled to attorney’s fees. Likewise, the petitioner is not entitled to attorney’s fees as the prevailing party because the lease fails to identify attorney’s fees as additional or added rent. (See RPAPL 741 [5]; Henry v Simon, 24 Misc 3d 132[A], 2009 NY Slip Op 51369[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009].)
IV. Respondent’s Request for Sanctions
Respondent argues that the petitioner should be sanctioned for commencing the instant proceedings after she filed her chapter 13 bankruptcy in which she agreed to surrender the subject premises and failing to respond to respondent’s notice to admit (Klein mem of law at 5). In light of the court’s decision, both arguments are deemed moot.
Ordered, that the respondent’s motion is denied in its entirety.
Ordered, that the petitioner’s cross motion is granted to the extent that she is entitled to a money judgment against the respondent in the sum of $11,000, together with a judgment of possession, a warrant of eviction, plus costs and disbursements.

. The petitioner’s cross motion for summary judgment was filed approximately 13 days late. According to the petitioner, the cross motion was mistakenly sent to the Poughkeepsie City Court instead of the Peekskill City Court. The petitioner presented no proof of this law office failure. Nevertheless, a 13-day delay does not appear to prejudice the respondent since she filed an affidavit in reply in opposition to a notice of cross motion for summary judgment. Petitioner is advised that ill explained law office failures of this sort can invite unintended consequences.

. The petitioner filed a chapter 13 bankruptcy proceeding on May 6, 2015. In a letter dated June 6, 2016, the chapter 13 trustee stated that he neither has any interest nor will he take any position in the subject proceedings (respondent’s motion, exhibit M).

. Kelsey v McTigue (171 App Div 877 [1916]) stands for the sole proposition that an equitable interest in land is insufficient to compel an ejectment from the premises; only a legal interest is sufficient to eject a party from the premises. In the case at bar, for the reasons set forth herein, the petitioner has a legal interest in the subject premises.

. UCCA 204 (summary proceedings) states, “[t]he court shall have jurisdiction of summary proceedings to recover possession of real property located in whole or in part within the city, to remove tenants therefrom, and to render judgment for rent due without regard to amount.”

. Respondent’s monthly rent payment of $2,200 was paid directly to the Board of Managers for a period of nine months (Oct. 2015 through June 2016) for a total sum of $19,800 (see copy of checks to Board of Managers annexed as exhibit D to respondent’s motion).