OPINION OF THE COURT
Debra Silber, J.
In this commercial landlord/tenant summary proceeding, the court has been asked to decide whether a notice of termination *1030 upon tenant’s default and failure to cure pursuant to a conditional limitation in the lease must be served as provided in RPAPL 735 when the lease provides that it may be served by certified mail at the demised premises. It is uncontroverted that termination of the tenancy pursuant to the terms of the lease requires service of an adequate notice. (Chinatown Apts, v Chu Cho Lam, 51 NY2d 786 [1980].) No complaint has been made as to the contents of the predicate notices herein. After analyzing the dicta in the cases (there is no case on point), the statutes and the rules of statutory construction, the court concludes that despite the statutory nature of summary proceedings, the lease provision governs. (Scherer and FisherBrandveen, Lawyer’s Cooperative Practice Guide to Residential Landlord-Tenant Law in New York § 8:249 [1997].) Tenant’s motion to dismiss the petition for lack of subject matter jurisdiction is denied.
STATEMENT OF FACTS
Tenant entered into a lease for a commercial space on or about July 29, 1998. The 10-year lease term was to commence on September 1, 1998.
On October 30, 1998, a notice to cure (properly signed by the landlord) was served by certified mail (and regular mail although not required by the lease), stating that the tenant was in default of the lease because, inter alia, it had not obtained the insurance required by the lease. The lease at paragraph 16 (the default provision) requires the notice to give tenant 30 days to cure, which it did. The manner of service of the notice was legally sufficient. The notice to cure states, in pertinent part: “If you fail to cure said defaults within thirty (30) days of the date that this Notice is mailed, then the landlord will serve a written ten (10) day Notice of Termination of the lease upon you, and upon the expiration of said ten (10) days, this Lease and the terms thereunder shall end and expire as fully and completely as if the expiration of such ten (10) day period was the day herein definitely fixed for the expiration of this lease and the terms thereof, and you shall be then required to then quit and surrender the demised premises, but you shall remain liable as provided in the lease, for (a) damages, including but not limited to, attorney’s fees pursuant to paragraph 16 of the lease; and (b) monthly use and occupancy of the premises after the date of the cancellation of the lease.”
Paragraph 16 of the lease, the default provision, provides for a notice to cure upon a default, as described above, and then *1031 states, in pertinent part: “Landlord may give tenant not less than ten days written notice of termination of the Lease and on the date set forth in such notice this Lease shall expire as if said date were the date originally fixed for the expiration of this Lease, and tenant shall quit and surrender the premises to the Landlord * * * if the notice above provided for has been given and the period elapsed * * * the Landlord may re-enter and resume possession by any lawful means and remove the Tenant or other occupants and their effects by dispossess or other proceedings”.
On December 9, 1998, a 10-day notice of termination was served upon the tenant. That notice is signed by the landlord and was sent by certified mail as provided in paragraph 22 of the lease concerning notices. It was also served by regular mail, which was not required by the lease. This notice was not required to be served pursuant to RPAPL 735. This is because the lease was still in effect on the date of the notice. It therefore governs the parties’ conduct. The notice states, in part, that: “Landlords [sic] therefore elects to terminate Tenant’s Lease and tenancy on December 21, 1998, a date not less than ten (10) days from the date of service of this notice. Please arrange to surrender possession of the subject premises on that date, or the Landlord will commence summary proceedings to recover possession of said premises.”
The holdover petition is dated December 21, 1998 and was served shortly thereafter. Tenant asserts as affirmative defenses lack of subject matter and personal jurisdiction. This motion is only directed at the former issue. The court finds there is subject matter jurisdiction, for the reasons set forth below.
CONCLUSIONS OF LAW
Tenant alleges lack of subject matter jurisdiction because the required predicate notice (the notice of termination) was not served as required by RPAPL 735. The court finds that there is subject matter jurisdiction, as the lease provision concerning notices governs. While there is no case directly on point, the dicta in the cases, as will be explained below, combined with the applicable rules of statutory construction, require this result. The motion to dismiss is therefore denied.
It should be noted that there is no dispute as to the notice to cure, which may be served as provided by the lease. (Scherer and Fisher-Brandveen, Lawyer’s Cooperative Practice Guide to Residential Landlord-Tenant Law in New York § 8:231 [1997].)
The default provision contained in the lease herein creates a conditional limitation. Thus, a summary proceeding may be *1032 brought after the notice of termination is served. (South St. Seaport Ltd. Partnership v Jade Sea Rest. 151 Misc 2d 725 [Civ Ct, NY County 1991]; Matter of Ranalli v Burns, 157 AD2d 936 [3d Dept 1990]; Grabino v Howard Stores Corp., 110 Misc 2d 591 [Civ Ct, Kings County 1981].) If the lease clause merely created a condition, a summary proceeding would not lie. (2 Rasch, New York Landlord and Tenant — Summary Proceedings §§ 23:29, 23:30 [3d ed 1988]; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983].)
In New York City, a 30-day notice of termination (also known as a notice to quit) in a holdover case must be served pursuant to RPAPL 735 if it is a holdover under Real Property Law § 232-a, that is, the termination of a month-to-month tenancy. This is specifically stated in section 232-a. (See also, Scherer and Fisher-Brandveen, op. cit., § 8:223.) Where the action is brought when a fixed and certain lease term has expired, a notice of termination is not required, and section 232-a is inapplicable. (89 NY Jur 2d, Real Property — Possessory Actions, § 20.) That is, when a commercial lease expires and the tenant holds over, and the landlord accepts rent beyond the expiration of the lease term, the landlord must serve a notice of termination in accordance with RPAPL 735. When the, action is brought at the expiration of the lease, no notice is required. Tenant’s attorney argues that a 30-day notice is required by statute. This is not so, as the lease governs and Real Property Law § 232-a is inapplicable.
The instant proceeding is brought under RPAPL 711 (1), “[a] proceeding seeking to recover possession of real property by reason of the termination of the term fixed in the lease pursuant to a provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement if he deem the tenant objectionable”. Subdivision (1) of RPAPL 711 does not require any notice prior to commencing the action, while RPAPL 711 (2) (concerning nonpayment cases) specifically does require notice “served * * * as prescribed in section 735”. There are several statutes concerning predicate notices. For example, RPAPL 713 concerns evictions where no landlord-tenant relationship exists. This section requires service of a “ten-day notice to quit * * * served upon the respondent in the manner prescribed in section 735”.
In the instant case, the notice of petition and petition were served upon the expiration of the date set forth in the notice of termination, which is equivalent to commencing an action at the expiration of the lease. (13A Carmody-Wait 2d, NY Prac *1033 § 90:23 [1998].) The landlord did not sit on its rights and leave the tenant in some vague month-to-month situation which would require further notice.
The rules of statutory construction would lead one to conclude that since a predicate notice must be served pursuant to RPAPL 735 in so many specified circumstances, the absence of such a provision in RPAPL 711 (1) means such service is not required. “A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Thus, while a tenant may not waive a statutorily required notice in a lease, RPAPL 711 (1) does not require service of a notice pursuant to RPAPL 735. (Lana Estates v National Energy Reduction Corp., 123 Misc 2d 324 [Civ Ct, Queens County 1984]; Main St. Mall Corp. v NR Store, 155 Misc 2d 118 [New Rochelle City Ct 1992]; PAK Realty Assocs. v RE /MAX Universal, 157 Misc 2d 985 [Civil Ct, Queens County 1993].)
Since there is no case squarely on point, that is, where the tenant has objected to the manner of service of a predicate notice, the court concludes that the dicta in the case law, in conjunction with the rules of statutory construction, require a finding that the lease provisions concerning defaults and notices govern. There are numerous cases that discuss predicate notices, where the service thereof is tangentially mentioned. In TSS-Seedman’s, Inc. v Elota Realty Co. (72 NY2d 1024, 1027 [1988]), the Court of Appeals, in dicta, says “[s]ince the [termination] notices were sent at a later time [after the landlord accepted the rent] when there were no outstanding rental defaults to which the notices could apply, they were ineffective.” (Emphasis supplied.) In Siegel v Kentucky Fried Chicken (67 NY2d 792 [1986], affg 108 AD2d 218 [2d Dept]), the Court upheld the dismissal of a petition for lack of subject matter jurisdiction where the predicate notices were signed by the landlord’s attorney and not the landlord. The notices were mailed in accordance with the lease, and there is no discussion about any insufficiency in that regard. In Lana Estates (supra, at 329), a case where it was unclear if the landlord was bringing a holdover or a nonpayment proceeding, the court indicated that if it was a holdover, the notices required by the lease must have been served. In Lerner v Johnson (167 AD2d 372, 374 [2d Dept 1990]), also a case of default in obtaining insurance under *1034 a commercial lease, the landlord sent-two letters of termination, and since “[n] either of the landlords’ letters specified a date of termination” they were found to be invalid. In Grabino v Howard Stores Corp. (110 Misc 2d 591, 594, supra), the (five days’) notice of termination was, pursuant to the lease, sent by certified mail, return receipt requested, and the court found the notice insufficient, not because of the manner of service, but because the receipt “shows delivery two days after the ‘date of this letter’ thereby reducing the notice period to three days.” (Cf., Ringel v Mansouri, NYLJ, Mar. 13, 1996, at 26, col 4 [Civ Ct, NY County] [concerning the timing of service].)
It should be noted that while a landlord may serve the notice of termination in the manner required in RPAPL 735, it is not required. In 105 W. 128th St. v Freeman (NYLJ, Feb. 25, 1998, at 29, col 4 [Civ Ct, NY County]), there was no objection to the choice to use a process server. Further, where the lease is silent, service must be made in accordance with RPAPL 735. (Triborough Bridge & Tunnel Auth. v Sonnenschein, Sherman & Deutsch, NYLJ, Mar. 18, 1998, at 31, col 1 [Civ Ct, NY County].) Lastly, where the lease provision is more stringent than the statute, the lease provision governs, so where a 10-day rent demand by registered mail was required by the lease, such notice had to be given. (Hendrickson v Lexington Oil Co., 41 AD2d 672 [2d Dept 1973].)
Accordingly, the motion to dismiss is denied. Because the court finds there was subject matter jurisdiction, tenant’s claims with regard to personal jurisdiction must still be resolved by a traverse hearing, to be held on a mutually agreeable date.