■ VINCENT J. VITA et al., Respondents, v NEW YORK WASTE SERVICES, LLC, et al., Appellants. [824 NYS2d 177]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 2, 2005, as granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211 (b) to dismiss the sixth, seventh, eighth, and eleventh affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

On their motion, inter alia, pursuant to CPLR 3211 (b) to dismiss the sixth, seventh, eighth, and eleventh affirmative defenses, the plaintiffs bore the burden of demonstrating that those defenses were without merit as a matter of law (see *Santilli v Allstate Ins. Co.,* 19 AD3d 1031, 1032 [2005]; *Town of Hempstead v Lizza Indus.,* 293 AD2d 739, 740 [2002]). Contrary to the defendants' contention, the Supreme Court properly granted the motion with respect to those defenses based on the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29 [6]), since the plaintiffs sustained their burden as to those defenses. In this regard, the plaintiffs submitted overwhelming affidavit and documentary evidence demonstrating that the injured plaintiff was employed by and performed services for Allied Waste Services, Inc. (hereinafter Allied Waste), and its subsidiary, Island Waste Services, at the time he was injured by a vehicle owned by the defendant New York Waste Services, LLC (hereinafter New York Waste), and operated by the defendant Gene R. Brewer, an employee of New York Waste. In response, the defendants merely came forward with conclusory assertions that the injured plaintiff was an employee of New York Waste, and their affidavits and other submissions were devoid of any evidence that New York Waste was an alter ego of Allied Waste (see e.g. *Longshore v Davis Sys. of Capital Dist.,* 304 AD2d 964 [2003]; *Rosenburg v Angiuli Buick,* 220 AD2d 654 [1995]; *Kaplan v Bayley Seton Hosp.,* 201 AD2d 461 [1994]). Similarly, the defendants pre-

sented no evidence suggesting that the two corporations were engaged in a joint venture (*see generally Buchner v Pines Hotel,* 87 AD2d 691 [1982], *affd* 58 NY2d 1019 [1983]) or that the injured plaintiff was a special employee of New York Waste (*see generally Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]; *Kramer v NAB Constr. Corp.,* 282 AD2d 714 [2001]; *Martin v Baldwin Union Free School Dist.,* 271 AD2d 579 [2000]). Finally, the defendants' vague and unsubstantiated reference to an alleged internal accounting practice of Allied Waste was insufficient to raise a genuine factual issue with regard to whether the injured plaintiff was employed by New York Waste. Therefore, the dismissal of the subject affirmative defenses was proper. Schmidt, J.P., Santucci, Mastro and Fisher, JJ., concur.