FIREMAN'S FUND INSURANCE COMPANY et al., Respondents, v JAMES P. FARRELL, JR., Appellant. [869 NYS2d 597]—

In May 1996 Jimmy Quiles commenced an action against Joseph Gazza to recover $5 million in damages for the injuries he sustained when he fell from a roof on Gazza's building (hereinafter the Quiles action). In September 1996 Gazza commenced a third-party action against Quiles' employer, the Six G's Contracting Corp. (hereinafter Six G's), for common-law indemnification and contribution (hereinafter the Indemnity action).

The attorney for Six G's James P. Farrell, Jr. did not notify its workers' compensation carrier, the State Insurance Fund (here-

inafter SIF), about the pending lawsuits until February 12, 1999, almost 2¹/₂ years after the Indemnity action began and almost 1 year after the Supreme Court awarded partial summary judgment in favor of Quiles on the issue of liability and in favor of Gazza on the issue of indemnification. Although SIF disclaimed coverage based on the late notice, it contributed $400,000 toward the $1.1 million settlement of the Quiles action. Gazza's general liability carrier, the Fireman's Fund Insurance Co. (hereinafter Fireman's), contributed the remaining $700,000.

Six G's subsequently assigned its claims against Farrell, inter alia, alleging legal malpractice to Gazza and Fireman's, who commenced the present action. On a prior appeal, this Court affirmed the denial of Farrell's motion to dismiss the complaint for failure to state a cause of action and the denial of the plaintiffs' cross motion for summary judgment (*see Fireman's Fund Ins. Co. v Farrell*, 289 AD2d 286 [2001]).

In an action to recover damages for legal malpractice, a plaintiff must prove that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that the attorney's breach of this duty proximately caused actual and ascertainable damages (*McCoy v Feinman,* 99 NY2d 295, 301 [2002] [internal quotation marks and citation omitted]). To establish the element of causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Barnett v Schwartz,* 47 AD3d 197 [2007]).

To succeed on a motion for summary judgment dismissing a cause of action alleging legal malpractice, the attorney must establish, through the submission of evidentiary proof in admissible form, that the plaintiff is unable to prove at least one of the essential elements of the cause of action (*see Suydam v O'Neill,* 276 AD2d 549 [2000]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Farrell contends that he is entitled to summary judgment because the plaintiffs, the assignees of his former client Six G's, cannot prove that his failure to timely notify SIF of the Indemnity action caused the alleged damages. Specifically, Farrell contends that he is not liable for legal malpractice because SIF did not provide timely notice of its disclaimer and, even if it did, it then waived the disclaimer by the inconsistent acts of negotiating and ultimately settling the Quiles action.

The reasonableness of a delay in disclaiming coverage is mea-

sured from the time that the insurer is aware of sufficient facts to disclaim (*see North Country Ins. Co. v Tucker,* 273 AD2d 683 [2000]). Here, there is a genuine issue of fact as to whether Farrell's letter dated February 12, 1999, and the pleadings annexed thereto, provided sufficient information regarding the commencement date of the Indemnity action to warrant an earlier disclaimer on the ground of late notice. Similarly, there is a genuine issue of fact as to whether SIF's participation in the settlement of the Quiles action constituted a clear manifestation of the intent to relinquish its right to disclaim coverage (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966 [1988]). Inasmuch as Farrell failed to meet his burden of proof on the timeliness and waiver issues, the Supreme Court properly denied his motion for summary judgment dismissing the complaint.

The same issues of fact precluded the court from granting those branches of the plaintiff's cross motion which were pursuant to CPLR 3211 (b) to dismiss the second, seventh, and twelfth affirmative defenses, which incorporate the documentary evidence as it relates to the issues of waiver and proximate cause (*see Fleckenstein v Nehrbas,* 21 AD2d 889 [1964]). Pursuant to CPLR 3211 (b), a "party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference (*see Warwick v Cruz,* 270 AD2d 255 [2000]; *Abney v Lunsford,* 254 AD2d 318 [1998]). Moreover, if there is any doubt as to the availability of a defense, it should not be dismissed (*see Becker v Elm A.C. Corp.,* 143 AD2d 965 [1988]).

The Supreme Court properly granted those branches of the plaintiffs' cross motion which were to dismiss the remaining 11 affirmative defenses, which merely plead conclusions of law without any supporting facts (*see Bentivegna v Meenan Oil Co.,* 126 AD2d 506 [1987]; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852 [1971]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32611(U).]