■ EVELINE GONZALEZ, Deceased, by ALMMY PEREZ, as Administratrix, Respondent, v WINGATE AT BEACON et al., Appellants, et al., Defendants. [26 NYS3d 562]—

In a consolidated action, inter alia, to recover damages for personal injuries and wrongful death, the defendants Wingate at Beacon, Wingate of Dutchess, Inc., Wingate Healthcare, Inc., Tara Ortiz, incorrectly sued herein as T. Reedy, and Jocelyn Beaton, incorrectly sued herein as J. Drudice, appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Colangelo, J.), dated November 10, 2014, as granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3211 (b) to dismiss their affirmative defenses of the statute of limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was pursuant to CPLR 3211 (b) to dismiss the appellants' affirmative defenses of the statute of limitations is denied.

Eveline Gonzalez, who was a resident of a nursing home, died on December 29, 2010. Thereafter, Gonzalez, by and through Almmy Perez, as the administrator of the Gonzalez's estate, commenced separate actions against the appellants, among others, to recover, inter alia, damages for personal injuries and wrongful death. The actions were thereafter consolidated. This appeal concerns the Supreme Court's granting of that branch of the plaintiff's cross motion which was pursuant to CPLR 3211 (b) to dismiss the appellants' affirmative defenses of the statute of limitations.

"When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is 'without merit as a matter of law' " (*Bank of N.Y. v Penalver*, 125 AD3d 796, 797 [2015], quoting *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]). " 'In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference' " (*Bank of N.Y. v Penalver*, 125 AD3d at 797, quoting *Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]). " '[I]f there is any doubt as to the availability of a defense, it should not be dismissed' " (*Chestnut Realty Corp. v Kaminski*, 95 AD3d 1254, 1255 [2012], quoting *Fireman's Fund Ins. Co. v Farrell*, 57 AD3d at 723).

Here, while it is undisputed that the claims arising out of

the incident that allegedly led to Gonzalez's death were timely, the subject complaints also allege that the appellants committed pervasive misconduct from the beginning of Gonzalez's residency at the nursing home in March 2007, which caused her injuries. Since the subject complaints were not filed until December 2011 and December 2012, Gonzalez failed to demonstrate that all of her claims were timely (*see generally* CPLR 214). Accordingly, the Supreme Court should have denied that branch of Gonzalez's cross motion which was pursuant to CPLR 3211 (b) to dismiss the appellants' affirmative defenses of the statute of limitations. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.