Rosenblum v Treitler (2024 NY Slip Op 50342(U))

[*1]

Rosenblum v Treitler

2024 NY Slip Op 50342(U)

Decided on April 1, 2024

Civil Court Of The City Of New York, New York County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2024
Civil Court of the City of New York, New York County

Kenneth Rosenblum, Petitioner, Landlord,

against
Diana Treitler, Respondents-Occupants BRUCE TREITLER, "JOHN AND JANE DOE" Respondent - Undertenants

Index No. L&T 311061/23

Petitioner was represented by Morris Mitrani, P.C. by Morris K. Mitrani, Esq. P.O. Box 231009, Great Neck, NY 11023; (212) 661 - 5100; morrismitrani&commat;gmail.com and Respondent was represented by Goldberg & Lindenburg, P.C. by Alan J. Goldberg, Esq., 6 East 45th Street, 14th floor, New York, NY 10017, (212) 921 - 1600; agoldberg&commat;glnylaw.com.

Frances A. Ortiz, J.

Recitation as required by CPLR 2219(a), of the papers considered in the review of Petitioner's motion to strike affirmative defenses.
Papers Numbered 
Notice of Motion, Affirmation, Affidavit, Exhibits & Memorandum of Law 1/NYSCEF 13-14
Affirmation, Affidavit in Opposition & Exhibits 2/NYSCEF 15 — 18
Memorandum of Law, Affidavit in Opposition & Exhibits 3/NYSCEF 19 - 21
Respondent's Reply Affirmation 4/NYSCEF 22
MOTION SEQ. # 1
Upon the foregoing cited papers, the Decision/Order on this Motion(s) is as follows:
This is a license holdover brought by Petitioner, Kenneth Rosenblum, against Respondents, Diana Treitler, Bruce Treitler, John and Jane Doe seeking possession of 42 Bank Street, apt. 15, New York, NY 10014, the "subject premises." Respondents appeared by counsel with a written answer asserting several affirmative defenses. 
Specifically, the third affirmative defense states,
That Respondent Diana Treitler who is the sister of the Petitioner has been granted the equivalent of a Life Estate to occupy the subject premises by the Petitioner who promised her the apartment for as long as she wanted. Said Life Estate was granted in or about 2011 and the Respondent has been in possession of the subject apartment since said date. Respondent Diana Treitler has unequivocally relied upon the representation of Petitioner who said that he was giving the subject apartment to said Respondent for as long as she wanted. Respondent in reliance has taken possession of the subject apartment and made improvements thereto. Thus, pursuant to Promissory Estoppel and detrimental reliance, the Petitioner is estopped from denying Respondent's right of possession to the subject apartment.
The fifth affirmative defense indicates,
That Respondent Diana Treitler is entitled to a Constructive Trust in the subject apartment. Even were there not an express promise, a promise is to be inferred from the transaction and facts herein.
DISCUSSION
Petitioner moves to dismiss the third and fifth affirmative defenses. In a motion to dismiss an affirmative defense, a plaintiff or petitioner bears the heavy burden of showing that the defense is without merit as a matter of law. Granite State Ins. Co. v. Transatlantic Reinsurance Co., 132 AD3d 479, 481, (1st Dep't 2015); 534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick, 90 AD3d 541 (1st Dep't 2011 ). The allegations set forth in the answer must be viewed in the light most favorable to the defendant or respondent. 182 Fifth Ave. v. Design Dev. Concepts, 300 AD2d 198, 199 (1st Dep't 2002). "[T]he defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed." 534 E. 11th St v. Hendrick, 90 AD3d at 542. Further, the court should not dismiss a defense where there remain questions of fact requiring a trial. Id.
Petitioner argues that Respondents' third affirmative defense alleging an oral life estate is barred by the statute of frauds. He further argues that an oral contract for the creation of a life estate is valid only if it is executed in writing, and an oral agreement for a life estate violates the statute of frauds.
According to General Obligations Law § 5-703,
1.An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing. . . .
Respondents in opposition argue that the statute of frauds is not an absolute bar to a determination that an occupant is entitled to a life estate because there is an exception to the [*2]writing requirement where there is part performance or reliance. Further, Respondents argue that where the elements of promissory estoppel are established and the injury to the party who acted in reliance on the oral promise is so great that enforcement of the statute of frauds would be unconscionable, then the promisor should be estopped from reliance on the statute of frauds.
For the most part, there are two types of life estates. One is an outright life estate also known as a "legal life estate" and the other is a life tenancy created by a trust. Where the property is not placed in trust, the estate created is a legal life estate, and the life tenant is a legal life tenant. A trust which does not contain language entitling the grantee unconditionally to "use and occupy" the property does not convey a life estate. However, where it is placed in trust, the estate is an equitable life estate, and the life tenant is an equitable life tenant. 56 NY Jur. 2d Estates, Powers, Etc. § 36.
Moreover, whether a life tenant has a legal life estate where he or she has an estate in the property itself and the right to its possession or control, or whether he or she is a trust beneficiary entitled merely to income for life, is a matter to be determined by the court by construction of the particular instrument involved. 56 NY Jur. 2d Estates, Powers, Etc. § 36
Additionally, the ordinary expense of the care and management of a life estate must be paid by the life tenant. In particular, a tenant for life, enjoying the rents and profits of the land, ordinarily must pay the taxes and make all ordinary, reasonable repairs required to preserve the property and prevent it from going to decay or waste, unless the instrument creating the tenancy expressly provides otherwise, the life tenant is generally deemed an owner of the property. Lai-Hor Ng Yiu v. Crevatas, 33 Misc 3d 267 (Kings Cty Sup. Ct. 2011), aff'd sub nom. Ng Yiu v. Crevatas, 103 AD3d 691, 962 (2nd Dep't 2013).
Here, Respondent, Diana Treitler does not have a written instrument providing her a life estate for occupancy of the subject premises. Therefore, under the statute of frauds she may not assert such a defense in this licensee holdover. General Obligations. Law § 5-703. Further, Diana Treitler in her affidavit has failed to show any part performance, reliance or promissory estoppel. She has only shown that she took occupancy of the subject premises since 2011 with Petitioner's permission, that she decorated the premises, that she made ordinary "improvements" to the premises such as installation of a window air conditioner, ceiling fan, television wall brackets, bathroom drying rack, two glass shelves in the bathroom, and cabinet over a toilet. (Treitler Affid. ¶s 5 &19 /NYSCEF Doc. 16). These are merely standard apartment additions that a renter would make to his or her apartment to make it fit their individualized needs. It is not the equivalent to reasonable repairs required to preserve the property and prevent it from going to decay or waste of a life tenant. If Diana Treitler were a life estate tenant, she would have to maintain reasonable repairs to the property to prevent it from decay and pay costs such as taxes. Nowhere in her affidavit does she mention that she maintains the property (i.e. plumbing, heating, water supply to unit or the entire multiple dwelling with at least 31 units in it nor pay building taxes or any other costs associated with building maintenance). She merely shows standard apartment additions to the subject premises that a renter would make to his or her apartment to make it fit their individualized needs and nothing more. 
Accordingly, Petitioner's motion to strike the third affirmative defense alleging an oral life estate is stricken, as the affirmative defense is without merit as a matter of law. Granite State Ins. Co. v. Transatlantic Reinsurance Co., supra.
Petitioner argues that the fifth affirmative defense of constructive trust is lacking in merit because it fails to establish the required elements of a constructive trust.
It is well established that a constructive trust may be imposed, if property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest. The development of the doctrine of constructive trust as a remedy is available in courts of equity and requires the following four elements: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment Sharp v. Kosmalski, 40 NY2d 119, 121 (1976); Hampton v. Hampton, 66 Misc 3d 1219(A), 120 N.Y.S.3d 706 (Civ. Ct. Queens Cty 2019). As such, to avail the defense, the burden of proof rests with the party asserting the constructive trust theory to prove all four elements of the defense. Fireman's Fund Ins. Co. v. Farrell, 57 AD3d 721 (2nd Dep't 2008).
Additionally, title cannot be determined in the context of a Housing Court summary proceeding, but Housing Court is empowered with the jurisdiction to determine any "legal or equitable" defense for purpose of determining a right to possession. Chopra v. Prusik, 9 Misc 3d 42 (AT 2nd Dep't 2005) citing, Nissequogue Boat Club v. State of New York, 14 AD3d 542 (2nd Dep't 2005); see also, Decaudin v. Velazquez, 15 Misc 3d 45 (AT 2nd Dep't 2007). As such, although parties are unable to challenge title in a summary proceeding, a licensee may defeat a summary proceeding by establishing an equitable affirmative defense such as constructive trust. Paladino v. Sotille, 15 Misc 3d 60 (AT 2nd Dep't 2007). 
However, here, Respondent, Diana Treitler has not facially shown the existence of a constructive trust as an affirmative defense in this licensee holdover. Specifically, she has not sustained her burden of proof. Fireman's Fund Ins. Co. v. Farrell, 57 AD3d 721. Petitioner did not promise Respondents an ownership interest in the rental unit or building nor was there a transfer of title to Respondents. For instance, Respondents did not make financial contributions to Petitioner's purchase of the subject building. (Rosenblum Reply Affidavit ¶s 33 -38/NYSCEF Doc. 20). Further, Respondents did not assist Petitioner in gaining title to the subject premises or building. Lastly, Respondents have not shown that Petitioner has been unjustly enrichment by their ordinary "improvements" to the premises such as by installation of a window air conditioner, ceiling fan, television wall brackets, bathroom drying rack, two glass shelves in the bathroom, and cabinet over a toilet. These ordinary "improvements" are not a profit to Petitioner worthy of unjust enrichment to him nor is it unconscionable.
Accordingly, for the reasons discussed above Petitioner's motion to strike the fifth affirmative defense of constructive trust is stricken, as the affirmative defense is without merit as a matter of law. Granite State Ins. Co. v. Transatlantic Reinsurance Co., supra.
ORDERED: that Petitioner's motion to strike the third and fifth affirmative defenses is granted [FN1]
;
And further
ORDERED: that the matter is restored to the Part C calendar at 9:30 a.m. on May 8, 2024 for all purposes including trial.
This is the decision and order of the Court which will be uploaded to NYSCEF.
Dated: April 1, 2024
New York, NY
Frances A. Ortiz, J.H.C.

Footnotes

Footnote 1:This Court's decision striking the Respondents' affirmative defenses of life estate and constructive trust has no preclusive effect or final determination on the merits of Respondents' right to raise such claims in a court of equity which has subject matter jurisdiction to determine issues of title, unlike the Housing Court.