Gomez v Gomez (2025 NY Slip Op 50609(U))

[*1]

Gomez v Gomez

2025 NY Slip Op 50609(U)

Decided on April 22, 2025

Civil Court Of The City Of New York, Kings County

Danescu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2025
Civil Court of the City of New York, Kings County

Gerard Gomez, Petitioner,

against
Joseph Alfred Gomez, BEVERLY BAILEY, ISAIAH GOMEZ & "JOHN DOE" & "JANE DOE", Respondents.

Index No. 329134-2023

Petitioner Attorney: Roland Godfrey Ottley, Esq., 1063 Winthrop St, Brooklyn, New York 11212
Respondent Attorney: Wenig Saltiel LLP, 321 Broadway, 2nd Floor, New York, New York 10007

Madalina Danescu, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion with Affirmation in Support
[NYSCEF Doc. Nos. 22-23] 1
Affirmation in Opposition [NYSCEF Doc. No. 26] 2
Affirmation in Reply [NYSCEF Doc. No. 27] 3
Respondent's Memorandum of Law [NYSCEF Doc. No. 28] 4
Petitioner's Memorandum of Law [NYSCEF Doc. No. 30] 5
After oral argument on April 3 and April 16, 2025, and upon the foregoing cited papers, the decision and order on this motion is as follows:
 FACTUAL AND PROCEDURAL HISTORY
This is a summary holdover proceeding commenced by Gerard Gomez ("petitioner"), against Joseph Alfred Gomez, Beverly Bailey, Isaiah Gomez, John Doe and Jane Doe ("respondents"). Petitioner seeks possession of 516 Schenck Avenue, Brooklyn, New York 11207, (the "subject premises" or "house"), on the basis that respondents are tenants at will or at sufferance. (see Termination Notice at NYSCEF Doc. 10).
Respondents retained counsel and interposed an amended answer alleging, in relevant part, that service of the termination notice on respondent Bailey and respondent Isaiah Gomez was defective and that the notice did not provide the requisite 30 days' notice. (see Amended Answer at NYSCEF Doc. 12).
Respondents Bailey and Isaiah Gomez (the "moving respondents") now move for partial [*2]summary judgment on the second, third and fourth affirmative defenses alleging defective predicate notice. They allege the termination notice is deficient as it did not provide the requisite 30-day notice required by RPL §228.
The crux of the moving respondents' improper service argument is that the termination notice had to be served pursuant to RPAPL §735, which requires a follow-up mailing within one business day of substitute service. (see RPAPL§735(1)).
Petitioner effected substitute service on the moving respondents by serving respondent Joseph Gomez with the predicate termination notice on May 30, 2023. The termination date in the notice was June 30, 2023, 31 days later. The moving respondents argue that service on them was not complete until the follow up mailing, which was done on June 1, 2023, two days later. As a result, they allege they only received 29 days' notice. They also argue that service was defective because the follow up mailing was not done within one business day of the substitute service.
Petitioner does not dispute the dates of substitute service or follow up mailings. rather, petitioner argues there was no prejudice to the moving respondents from the one-day delay and that there is no caselaw in support of the moving respondents' argument that the one-day delay in mailing resulted in less than 30 days' notice. Petitioner argues this is a de minimis defect, an irregularity that may be overlooked, as it has not hindered the moving respondents from appearing, answering, or defending this proceeding.
Petitioner further argues that a one-day delay in mailing does not warrant dismissal, incorrectly relying upon caselaw and legal principles discussing time of service of a notice of petition and petition, errors in return dates on a notice of petition, and late filing of the affidavit of service for a notice of petition and petition, none of which are issues here.
In reply, respondents argue for the first time that the decision and order of this court, dated January 27, 2025 (Hon. David Harris), declining to strike respondents' second, third and fourth affirmative defenses claiming less than 30 days' notice was given is law of the case and prevents re-litigation of this issue.
At oral argument on April 3, 2025, the court advised the parties that whether the predicate notice here was proper hinges on whether RPL §228 notices are required to be served in accordance with RPAPL §735(1), which requires follow-up mailings within one business day of substitute or conspicuous place service. The parties were directed to submit memorandums of law on this issue.
In their memorandum, respondents argue that there is "confluence of statutory mandates" for RPL§228, RPL§232-a and RPAPL Article 7. They allege that because RPAPL §735(1) applies to a notice pursuant to RPL§232-a, it also applies to RPL§228 notices because petitioner chose to commence a proceeding under RPAPL Article 7, rather than an ejectment action, and "Article 7 cases require Article 7 service of process for the predicate notices."
Petitioner, in his memorandum, argues that "nothing in the statute's text, its legislative history, or controlling case law mandates that such notice be served pursuant to RPAPL §735's service requirements," and that service is sufficient by personal or substitute delivery or affixing to a conspicuous part of the premises. (see RPL§228). Petitioner points out that, unlike RPAPL §735(1), there is no mention or requirement of follow-up mailing in RPL§228. Petitioner contrasts RPL§228 with RPL§232-a, which incorporates the requirements of RPAPL §735 in its statutory language.

DISCUSSION
[*3]LAW OF THE CASE AND STANDARD ON SUMMARY JUDGMENT
Respondents argue that "Judge Harris has already determined that the failure to complete service until there was less than 30 days' notice is more than 'irregularity and not de minimis'," and that "his finding is law of the case and may not be disturbed."
However, the doctrine of law of the case is inapplicable here. "The law of the case doctrine applies 'only to legal determinations that were necessarily resolved on the merits in a prior decision'," (Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842 [2d Dept 2019]; see also Matter of Koegel, 184 AD3d 764, 766 [2d Dept 2020]), and "to the same questions presented in the same case" (Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d at 842; see also Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717 [2d Dept 2012]).
The court's prior decision denying petitioner's motion to strike respondents' defenses determined only that the "second, third and fourth affirmative defenses sufficiently articulate that alleged defect" as to survive a motion to strike. (see NYSCEF Doc. No. 20).
However, the standards of review on a motion to strike defenses as opposed to a motion for summary judgment are different.
Pursuant to CPLR §3211(b), "defenses may be stricken only when they are 'without merit as a matter of law'." (1691 Fulton Ave. Assoc., LP v Watson, 55 Misc 3d 1221[A], *8 [Civ Ct, Bronx County 2017]; see also Vita v NY Waste Servs., LLC, 34 AD3d 559, 559 [2d Dept 2006]).
On the other hand, summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action. (see CPLR § 3212(b); Alvarez v Prospect Hosp., 68 NY2d 320, 324, 508 NYS2d 923 [1986]; Vega v Restani Constr. Corp., 18 NY3d 499, 503, 942 NYS2d 13 [2012]; Andre v Pomeroy, 35 NY2d 361, 364, 362 NYS2d 131 [1974]).
Failure to do so requires "denial of its motion, regardless of the sufficiency of the plaintiff's opposition papers." (Matthews v Bright Star Messenger Ctr., LLC, 173 AD3d, 732, 734 [2d Dept 2019]; see also Coastal Sheet Metal Corp. v Martin Assoc., 63 AD3d 617, 618 [1st Dept 2009]; Alvarez v Prospect Hosp., 68 NY2d at 324; Bazdaric v Almah Partners LLC, 41 NY3d 310, 316 [2024]).
On petitioner's motion to strike, it was his burden to prove respondents' defenses had no merit (see Vita v NY Waste Servs., LLC, 34 AD3d at 559; 
Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [2d Dept 2024]), and the court had to construe the defenses liberally and give respondents the benefit of any doubt. "'In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference'."(Gonzalez v Wingate at Beacon, 137 AD3d 747, 747 [2d Dept 2016] [internal citations omitted]; see also Fireman's Fund Ins. Co. v Farrell, 57 AD3d 721, 723 [2d Dept 2008]). "'[I]f there is any doubt as to the availability of a defense, it should not be dismissed'." (Gonzalez v Wingate at Beacon, 137 AD3d at 747 [internal citations omitted]; see also Chestnut Realty Corp. v Kaminski, 95 AD3d 1254, 1255 [2d Dept 2012]). and it is the movant's burden to prove that a defense is entirely without merit
It was under this standard that the court found respondents' defenses of defective termination were not wholly without merit, and refrained from striking them.
However, the standard on summary judgment is different and much more stringent. It is now the moving respondents' burden to prove that their claims of defective termination are conclusive. When deciding a summary judgment motion, the court views the alleged facts, evidence and inferences in the light most favorable to the non-moving party. (see Sosa v. 46th St. Dev. LLC, 101 AD3d 490, 492, 955 NYS2d 589 [1st Dept 2012]; Rizzo v Lincoln Diner Corp., 215 AD2d 546, 546, 626 NYS2d 280 [2d Dept. 1995]).
Here, respondents are not entitled to a liberal construction of their pleadings, nor the benefit of every favorable reference. Indeed, this court must now construe the facts, evidence and references in the light most favorable to petitioner.
As the standards on petitioner's motion to strike defenses and respondents' motion for summary judgment are antithetical, the January 2025 Decision and Order declining to strike the defective predicate defenses is not law of the case. The issue of defective predicate notice was not resolved on the merits in a decision and order that, as a matter of law, found only that the defenses did not lack any merit.
APPLICABILITY OF RPAPL §735(1) TO A NOTICE PURSUANT TO RPL §228
RPAPL §735(1) governs the manner of service of a notice of petition and petition in a summary proceeding. The statute is clear that service must be made in the following manner:
by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion ; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail
(see RPAPL §735(1) [emphasis added]).
Respondents argue that the RPL §228 predicate termination notice had to be served pursuant to RPAPL §735(1), so that service by substitute service was not complete until the follow up mailing, which is required to be made on the next business day. (see RPAPL §735(1); Resnick Seaport, LLC v 199 Roast LLC, 71 Misc 3d 1231[A], *4-5 [Civ Ct, New York County 2021]; George Doulaveris & Son, Inc. v P.J. 37 Food Corp., 39 Misc 3d 1, 3 [App Term, 2d Dept 2013]).
"Generally, service of a notice of termination is made in accordance with RPAPL 735." (Kenmore Assoc., L.P. v Burke, 67 Misc 3d 496, 500 [Civ Ct, New York County 2020]).
A termination notice pursuant to RPL §228, for termination of tenancies at will or by sufferance, is served as a notice under RPAPL §711, which provides grounds for termination where a landlord-tenant relationship exists. (see Potts v Thomas, 58 Misc 3d 311, 318 [Dist Ct, Nassau County 2017]). RPAPL §711(1) allows a landlord to commence a summary proceeding to recover possession of a premises where "[t]he tenant continues in possession of any portion of the premises after the expiration of his term, without the permission of the landlord."
RPAPL §711(1) does not prescribe methods of service of the predicate termination notice, nor does it require compliance with RPAPL §735(1). This is in contrast to RPAPL §711(2), governing summary proceedings to recover possession for non-payment of rent, which specifically states that the predicate rent demand must have been "served upon him as prescribed in section seven hundred thirty-five of this article." (see Joseph v Lyu, 58 Misc 3d 159[A], *2 [*4][App Term, 2d Dept 2018]; 200 E 16th St. Hous. Corp. v. Tea Time Ny LLC, 2025 NYLJ LEXIS 635, *8 [Civ Ct, New York County 2025]).
This is also in contrast to RPAPL §713, governing summary proceedings "to recover possession of real property where no landlord-tenant relationship exists," where "[a]ll but two of the eleven types of proceedings permitted under this section require service of a predicate 10-day notice to quit, with service as prescribed by RPAPL §735." (MTGLQ Invs., LP v Meikle, 78 Misc 3d 1205[A], *3[Civ Ct, Bronx County 2023]; see also RPAPL §713 ["A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735"]).
Similarly, RPL §228 does not, on its face, require service of the termination notice pursuant to RPAPL §735(1). The statutory text requires only that the 30-day termination notice "be served, either by delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part of the premises, where it may be conveniently read. (see RPL §228).
This is in contrast to RPL §232-a, governing service of a predicate termination notice on a month-to-month tenant. This statute is clear in its mandate that the predicate notice be "in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law." (see also 22-22 Jackson Ave. Owner LLC v Yue Fang, 2025 NY Slip Op 50362[U], *2-3 [Civ Ct, Queens County 2025]; Sosa v Meyers, 13 Misc 3d 1241[A], *4 [Sup Ct, Kings County 2006]).
As neither RPAPL §711(1) nor RPL §228 specify that service must be in compliance with RPAPL §735, contrary to RPAPL §711(2), RPAPL §713 and RPL §232-a, the court will not read such a requirement into the statutes.
"When presented with a question of statutory interpretation, [a court's] primary consideration 'is to ascertain and give effect to the intention of the Legislature.' The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning." (DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006] [internal citations and quotations omitted]; see also Cit Bank N.A. v Schiffman, 36 NY3d 550, 559 [2021]; Matter of Alvarez v Annucci, 38 NY3d 974, 975 [2022]).
"[C]ourts should not read words into a statute and courts are not to legislate under the guise of interpretation'." (Matter of Lisa T. v King E.T., 30 NY3d 548, 553 [2017], citing generally to People v Finnegan, 
85 NY2d 53, 58 [1995]). 
"The rules of statutory construction would lead one to conclude that since a predicate notice must be served pursuant to RPAPL 735 in so many specified circumstances, the absence of such a provision in RPAPL 711 (1) means such service is not required." (Bogatz v Extra Touch Intl., 179 Misc 2d 1029, 1033 [Civ Ct, Kings County 1999]). As a predicate termination notice pursuant to RPL §228 is served as a notice under RPAPL §711 (see Potts v Thomas, 58 Misc 3d at 318), it follows that service pursuant to RPAPL §735 is also not required.
Where the legislature has explicitly included language requiring compliance with RPAPL §735 in so many other statutes (see RPAPL §711(2), RPAPL §713 and RPL §232-a), but failed to do so in either RPL §228 or RPAPL §711, the court cannot read such a requirement into these statutes. If the legislature had intended to RPAPL §735 to apply, it would have so stated, as it has in so many other instances.
"Where the legislature has addressed a subject and provided specific exceptions to a general rule—as it has done here—the maxim expressio unius est exclusio alterius applies [*5](see McKinney's Cons Laws of NY, Book 1, Statutes § 240 at 412-413 ["where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned"]). (Kimmel v State of NY, 29 NY3d 386, 394 [2017]).
"A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended." (Bogatz v Extra Touch Intl., 179 Misc 2d at 1033 [internal quotations and citations omitted]).
As RPAPL §735 is inapplicable to a notice served pursuant to RPL §228, so is its additional requirement of follow up mailing for substitute or conspicuous place delivery. Where RPL §228 requires only "delivering to the tenant or to a person of suitable age and discretion, residing upon the premises, or if neither the tenant nor such a person can be found, by affixing it upon a conspicuous part of the premises, where it may be conveniently read," without more, service is completed upon personal delivery, delivery to a person of suitable age and discretion, or affixing to a conspicuous part of the premises.
Service upon the moving respondents was therefore completed on May 30, 2023, when respondent Joseph Alfred Gomez was served with copies of the termination notice on their behalf. The moving respondents make no allegation, either in their answer or the instant motion, that Joseph Alfred Gomez was not of suitable age and discretion.
In Pepsi-Cola Metro. Bottling Co. v Miller, the court found that leaving a copy of the predicate notice with a person of suitable age and discretion, without more, was proper service of an RPL §228 notice. (50 Misc 2d 40, 41 [Civ Ct, Bronx County 1966] ["At the trial the petitioner's process server testified that on February 8, 1966, at about 8:30 a.m., he went to the Adams premises and asked for a Mr. Greenberg. One of several men who appeared to be in charge said in substance, 'Give me the paper. I will take care of it.' The process server gave the 30-day notice to said man, who appeared to be a person of suitable age and discretion."]). The court specifically declined to incorporate the more restrictive service requirements of the CPLR, holding that the statute required only that "the notice may be left with a person of suitable age or discretion, or by posting same in a conspicuous part of the premises." (Id.)
The legislature has had almost 60 years since the holding in Pepsi-Cola to address this issue and amend RPL §228 if it intended for RPAPL §735 to apply. (see Matter of Lisa T. v King E.T., 30 NY3d at 553; Kimmel v State of NY, 29 NY3d at 394; Bogatz v Extra Touch Intl., 179 Misc 2d at 1033).
Given the forgoing, the court finds that service of the predicate termination notice on the moving respondents by substitute delivery to respondent Joseph Alfred Gomez on May 30, 2023, where the termination date in the notice was June 30, 2023 (31 days later) provided the requisite 30-day notice pursuant to RPL §228. Accordingly, the motion for summary judgment on the second, third and fourth affirmative defenses alleging defective predicate notice is denied as the notice was properly served and provided 30 days' notice.
The court on its own motion thus strikes the second, third and fourth affirmative defenses as they are meritless.

CONCLUSION
Based on the foregoing, it is So Ordered that respondent's motion is denied in all respects. The parties will appear before the court on May 7, 2025 at 9:30 am to be sent to part X [*6]for trial.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: April 22, 2025
Brooklyn, New York
SO ORDERED,
HON. MADALINA DANESCU 
Judge, Housing Part