Blachowicz v City of New York (2025 NY Slip Op 05058)

Blachowicz v City of New York

2025 NY Slip Op 05058

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-07325
2024-10270
 (Index No. 711307/23)

[*1]Rafal Blachowicz, respondent,
v
City of New York, et al., appellants (and a third-party action).

Gerber Ciano Kelly Brady LLP, Buffalo, NY (David P. Johnson of counsel), for appellants.
Greenberg Law, P.C., New York, NY (Joseph P. DePaola of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated April 1, 2024, and (2) an order of the same court dated July 29, 2024. The order dated April 1, 2024, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to dismiss the defendants' first, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first affirmative defenses. The order dated July 29, 2024, insofar as appealed from, upon reargument, vacated so much of the order dated April 1, 2024, as denied that branch of the plaintiff's prior motion which was to dismiss the defendants' fifth affirmative defense, and thereupon, granted that branch of the prior motion.
ORDERED that the order dated April 1, 2024, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to dismiss the defendants' first, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first affirmative defenses are denied; and it is further,
ORDERED that the order dated July 29, 2024, is reversed insofar as appealed from, on the law, and, upon reargument, the determination in the order dated April 1, 2024, denying that branch of the plaintiff's motion which was to dismiss the defendants' fifth affirmative defense is adhered to; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On September 29, 2022, the plaintiff, a sheet metal worker employed by the Jobin Organization, was performing work on the roof at LaGuardia Airport, Terminal C, which was owned by the defendant City of New York, leased to the defendant Port Authority of New York and New [*2]Jersey, and managed by the defendant Delta Air Lines, Inc. (hereinafter collectively the defendants). Access to the roof was provided through a ladder that led through a hatch door, secured by safety latches but with no handrail. The plaintiff, while working, needed to get off the roof and began to descend the ladder. The plaintiff was required to hold onto the top of the hatch door, since there was no handrail, and as he stepped down, the hatch door closed, causing him to lose his balance and fall.
In June 2023, the plaintiff commenced this action against the defendants, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). In December 2023, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to dismiss the defendants' first, fifth, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first affirmative defenses. In an order dated April 1, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to dismiss the defendants' first, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first affirmative defenses. The court denied that branch of the plaintiff's motion which was to dismiss the defendants' fifth affirmative defense.
Thereafter, the plaintiff moved for leave to reargue that branch of his prior motion which was to dismiss the defendants' fifth affirmative defense. In an order dated July 29, 2024, the Supreme Court, inter alia, upon reargument, vacated so much of the order dated April 1, 2024, as denied that branch of the plaintiff's prior motion which was to dismiss the defendants' fifth affirmative defense, and thereupon, granted that branch of the prior motion. The defendants appeal.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Thorpe v One Page Park, LLC, 208 AD3d 818, 820 [internal quotation marks omitted]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 284-286). "The purpose of the section is to protect workers by placing the 'ultimate responsibility' for worksite safety on the owner and general contractor, instead of the workers themselves" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 559; see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). As the Court of Appeals has explained, "the reach of Labor Law § 240(1) is 'limited to such specific gravity-related accidents as [a worker] falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured'" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "To recover under section 240(1), the plaintiff must demonstrate that a violation of section 240(1) proximately caused his or her injury" (Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 614 [internal quotation marks omitted]; see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433). "Moreover, to prevail on summary judgment, plaintiff must establish that there is a safety device of the kind enumerated in section 240(1) that could have prevented his [or her] fall, because liability is contingent upon . . . the failure to use, or the inadequacy of such a device" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [internal quotation marks omitted]; see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267).
"A defendant may defeat a plaintiff's motion for summary judgment where it can raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker by demonstrating that the workers (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [they were] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had they not made that choice" (Santiago v Hanley Group, Inc., 216 AD3d 833, 834 [internal quotation marks omitted]; see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168).
Here, the plaintiff demonstrated that he was injured due to the inadequate access [*3]provided by the hatch door and inadequate safety devices. Thus, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see Thorpe v One Page Park, LLC, 208 AD3d at 820). However, in opposition, the defendants demonstrated that the plaintiff was provided safety devices to prevent elevation-related injuries, that the plaintiff may have known of such devices, and that the plaintiff failed to use such devices. Thus, the defendants raised a triable issue of fact (see Santiago v Hanley Group, Inc., 216 AD3d at 834). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"'[W]hen moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law'" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [internal quotation marks omitted], quoting Greco v Christoffersen, 70 AD3d 769, 771; see Gonzalez v Wingate at Beacon, 137 AD3d 747, 747). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Bank of N.Y. v Penalver, 125 AD3d 796, 797 [internal quotation marks omitted]; see Muniz v SPO Rest., LLC, 227 AD3d at 1004). "If there is any doubt as to the availability of a defense, it should not be dismissed" (Gonzalez v Wingate at Beacon, 137 AD3d at 747 [alteration and internal quotation marks omitted]; see Chestnut Realty Corp. v Kaminski, 95 AD3d 1254, 1255).
Here, the plaintiff merely proffered conclusory statements that a determination concerning Labor Law § 240(1) precluded each asserted affirmative defense. Thus, the plaintiff failed to meet his burden of demonstrating that the defendants' affirmative defenses were without merit as a matter of law (see Muniz v SPO Rest., LLC, 227 AD3d at 1004). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to dismiss the defendants' first, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first affirmative defenses. Further, upon reargument, the court should have adhered to its prior determination denying that branch of the plaintiff's prior motion which was to dismiss the defendants' fifth affirmative defense.
In light of the foregoing, the parties' remaining contentions need not be reached.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court